This is an appeal from the dismissal of two petitions for writ of habeas corpus.
The circuit court granted the State's motion to dismiss on the grounds that petitioner failed to comply with the terms of Alabama Code Section 12-19-70 (1975). That section provides there "shall be a consolidated civil filing fee, known as a docket fee, collected from a plaintiff at the time a complaint is filed in circuit court or in district court." This fee may be waived initially and taxed as costs at the conclusion of the case if the court finds that payment of the fee will constitute a substantial hardship. The section provides that "a verified statement of substantial hardship, signed by the plaintiff and approved by the court, shall be filed with the clerk of the court."
With each petition for writ of habeas corpus, petitioner filed a "motion for leave to proceed in forma pauperis" and verified "affidavit of poverty."
The same day the circuit court granted the State's motion and dismissed the petitions, it "ascertained the petitioner is indigent within the meaning of the statute of the State of Alabama and is without funds to defray any portion of the expenses."
On July 20, 1982, the defendant filed notice of appeal and a "motion and affidavit in support of motion for leave to appeal in forma pauperis", which was granted on July 22nd.
It is our judgment that the trial court erred in dismissing the defendant's petition for a writ of habeas corpus because of his failure to pay the docket fee prescribed by Alabama Code Section 12-19-70 (1975).
To impose any financial consideration between an indigent prisoner and the exercise of his right to sue for his liberty is to deny that prisoner equal protection of the laws. Smith v.Bennett, 365 U.S. 708, 81 S.Ct. 895, 6 L.Ed.2d 39 (1961). "While habeas corpus may, of course, be found to be a civil action for procedural purposes, . . . it does not follow that its availability in testing the State's right to detain an indigent prisoner may be subject to the payment of a filing fee." Smith, 365 U.S. at 712, 81 S.Ct. at 897.
"(I)n order to prevent `effectively foreclosed access' (to the courts), indigent prisoners must be allowed to file appeals and habeas corpus petitions without payment of docket fees."Bounds v. Smith, 430 U.S. 817, 822, 97 S.Ct. 1491, 1495,52 L.Ed.2d 72 (1977). See also Burns v. Ohio, 360 U.S. 252, 257,79 S.Ct. 1164, 1168, 3 L.Ed.2d 1209 (1959), and In Re Green,669 F.2d 779 (D.C. Cir. 1981), involving "in all likelihood the most prolific prisoner litigant in recorded history."
The action of the circuit court granting the State's motion to dismiss on the ground that the petitioner failed to pay the docket fee required by Section 12-19-70 is reversed. This cause is remanded with directions that the indigent petitioner be allowed to file his petition for writ of habeas corpus without payment of any filing or docket fee.
REVERSED AND REMANDED WITH DIRECTIONS.
All Judges concur. *Page 365