This is an appeal from the denial of a request to proceed in forma pauperis. The appellant, Albert Nolan Stafford, pleaded guilty to, and was convicted for, murder. He was sentenced to life imprisonment on June 4, 1992. On March 30, 1994, the appellant filed a petition for post-conviction relief, and on March 31, 1994, the appellant filed an "in forma pauperis declaration," requesting that he be allowed to proceed in forma pauperis. C.R. 5. Attached to the declaration was a record of the appellant's prison financial account from July 1, 1993, through March 21, 1994, which showed that as of March 21, 1994, the appellant had a balance of $91.83 in that account. That record also showed that during that time the appellant's account had contained more than $100 on only two dates: December 1, 1993, when the balance was $103.73, and March 16, 1994, when the balance was $104.33. During that period the appellant's average balance was $63.15.
The appellant's request to proceed in forma pauperis was summarily denied on April 28, 1994. The appellant filed a notice of appeal from that denial on May 25, 1994.
At present, the docket fee for the filing of a petition for post-conviction relief is $110. Ala. Code 1975, § 12-19-71(3) (Supp. 1993). See Rule 32.6(a), A.R.Crim.P. "The term 'indigent,' as used in these rules, means a person who is financially unable to pay for his or her defense." Rule 6.3(a), A.R.Crim.P. From the record before this Court, it appears that the appellant is indigent.
As in Lucas v. State, 597 So.2d 759, 760 (Ala.Cr.App. 1992):
 "[T]he judgment of the circuit court denying the appellant's motion to proceed in forma pauperis on his post-conviction petition must be reversed. See Hoppins v. State, 451 So.2d 363 (Ala.Cr.App. 1982), cert. denied, 451 So.2d 365 (Ala. 1983).
 "This cause is remanded to the trial court with directions that the appellant be permitted to proceed with the prosecution of his petition for post-conviction relief without the payment of any docket fee. However, the circuit court may require the payment of that docket fee if the petitioner is not in fact indigent and the finding of the circuit court to that effect is made a part of the record." (Emphasis in original.)
The judgment of the circuit court is reversed and this cause is remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
All Judges concur. *Page 103