AFTER REMAND FROM THE SUPREME COURT OF ALABAMA

TAYLOR, Presiding Judge.
The appellant, Michael Lamar Powell, appealed the denial of his petition for post-conviction relief filed pursuant to Rule 32, Ala.R.Crim.P., and the trial court’s denial of his motion to proceed in forma pauperis. We affirmed the trial court's actions in an unpublished memorandum. Powell v. State, 668 So.2d 934 (Ala.Cr.App.1994) (table), holding that the court’s finding of indigency was moot because the trial court stated that the petition was barréd by the limitations period. The Supreme Court of Alabama reversed our judgment, stating that the petition was not *1260 barred by the limitations period and that, therefore, the trial court’s finding that the appellant was not indigent was not rendered moot. The Alabama Supreme Court instructed this court to determine whether the trial court had erred in denying the appellant’s motion to proceed in forma pauperis. Ex parte Powell, 674 So.2d 1258 (Ala.1995).
The trial court denied the appellant’s motion to proceed in forma pauperis without explanation. The “In Forma Pauperis Declaration” filed with the trial court shows that the appellant had only $1.00 in his prison account when he attempted to file his post-conviction petition. Currently the docketing fee for filing a petition for post-conviction relief in a circuit court is $110.00. § 12-19-71(3), Code of Alabama 1975 (Supp.1994). From the very slight information contained in the record it appears that the appellant is indigent.
The trial court’s denial of the appellant’s motion to proceed in forma pauperis is reversed. This cause is therefore remanded to the Circuit Court for Mobile County so that the appellant may be allowed to file his post-conviction petition without paying the docketing fee, Robinson v. State, 629 So.2d 5 (Ala.Cr.App.1993); Lucas v. State, 597 So.2d 759 (Ala.Cr.App.1992), or for further proceedings not inconsistent with the Supreme Court’s opinion.
REVERSED AND REMANDED.
All the Judges concur.