The appellant, Ronald David Malone, appeals from the summary denial of his request to proceed in forma pauperis. The appellant pleaded guilty to, and was convicted of, illegal distribution of a controlled substance. He was sentenced to 25 years' imprisonment. This court affirmed his conviction and sentence on direct appeal on August 19, 1994. On June 21, 1996, the appellant filed a declaration seeking to proceed "in forma pauperis" on his petition for post-conviction relief pursuant to Rule 32, Ala.R.Crim.P. Attached to the declaration was a record of the appellant's prison account from February 15, 1996, through June 20, 1996, which showed a balance of $15.04 as of June 20, 1996. Furthermore, the record reveals that during that period, the appellant's account never contained more than $60.21.
The docket fee for the filing of a petition for post-conviction relief is $110.00. § 12-19-71(3), Ala. Code 1975. See Rule 32.6(a), Ala.R.Crim.P. The term "indigent," as used in the Rules of Criminal Procedure, means "a person who is financially unable to pay for his or her defense." Rule 6.3(a), Ala.R.Crim.P. It appears from the record before this court that the appellant was indigent when he filed his petition for post-conviction relief. Furthermore, there is no indication in the record that the appellant's status has changed. Here, "as in Lucas v. State, 597 So.2d 759, 760 (Ala.Cr.App. 1992), . . . 'the judgment of the circuit court denying the appellant's motion to proceed in forma pauperis on his post-conviction petition must be reversed. See Hoppins v. State, 451 So.2d 363
(Ala.Cr.App. 1982), cert. denied, 451 So.2d 365 (Ala. 1983).' "Stafford v. State, 647 So.2d 102 (Ala.Cr.App. 1994).
The judgment of the circuit court is reversed and this cause is remanded to the circuit court with directions that the appellant be permitted to proceed on his Rule 32 petition without payment of the docket fee, unless the appellant's status has changed and the appellant is no longer in fact indigent and the circuit court's finding to this effect is made on the record.
REVERSED AND REMANDED.
All Judges concur.