TAYLOR, Presiding Judge.
The appellant, Travis Earl Cummings, appeals from the denial of his petition to proceed in forma pauperis on his petition for post-conviction relief filed pursuant to Rule 32, Ala.R.Crim.P.
The appellant attempted to file a post-conviction petition in the Circuit Court for Houston County. The trial court wrote on the petition, “I deny the filing of the Rule 32 Petition.” The appellant, an inmate at Red Eagle Honor Farm, filed with his petition an “In Forma Pauperis Declaration,” which reflected that he had $31.49 in his prison account when he filed the petition. We take the trial court’s refusal to allow the filing of the petition to be a denial of the appellant’s request to proceed in forma pauperis.
The current docketing fee for filing a post-conviction petition is $110.00, § 12-19-71(3), Code of Alabama 1975. From the record before us it appears that the appellant is indigent and that the trial court erred in not allowing the appellant to proceed in for-ma pauperis. Stafford v. State, 647 So.2d 102 (Ala.Cr.App.1994); Robinson v. State, 629 So.2d 5 (Ala.Cr.App.1993).
The State contends, in the alternative, that no error occurred because,' it argues, the petition was precluded. The petition is contained in the record. Two of the issues raised by the appellant were raised in his direct appeal to this court and thus would be barred in a post-conviction proceeding. Rule 32.2(a)(5), Ala.R.Crim.P. However, the appellant’s issue claiming ineffective assistance of counsel cannot be resolved from the limited record before this court. Cf. Ex parte Powell, 674 So.2d 1258 (Ala.1995); Crandle v. State, 651 So.2d 1156 (Ala.Cr.App.1994). We thus cannot say that any error in not allowing the appellant the opportunity to file his petition was rendered moot because the petition would be precluded.
As this court stated in Lucas v. State, 597 So.2d 759, 760 (Ala.Cr.App.1992):
“From the record before this Court, it appears that the petitioner is indigent.... Consequently, the judgment of the circuit court denying the appellant’s motion to proceed in forma pauperis on his post-conviction petition must be reversed. See Hoppins v. State, 451 So.2d 363 (Ala.Cr.App.1982), cert. denied, 451 So.2d 365 (Ala.1983).
“This cause is remanded to the trial court with directions that the appellant be permitted to proceed with the prosecution of his petition for post-conviction relief without the payment of any docket fee. However, the circuit court may require the payment of that docket fee if the petitioner is not in fact indigent and the finding of the circuit court to that effect is made a part of the record.”
(Emphasis in original.)
For the reasons stated above, the judgment is reversed and the case is remanded to the Circuit Court for Houston County for proceedings not inconsistent with this opinion.
REVERSED AND REMANDED.
All the Judges concur.