Alonzo Hurth petitions for a writ of mandamus directing the Jefferson Circuit Court to vacate its order denying his motion to proceed in forma pauperis on a petition he filed pursuant to Rule 32, Ala.R.Crim.P. We conclude that the trial court abused its discretion in denying Hurth's motion, and we grant his requested relief.
 I.
Alonzo Hurth was convicted of robbery and was sentenced to life in prison as a habitual offender. The Court of Criminal Appeals, on September 26, 1997, affirmed, without opinion. Hurthv. State (No. CR-96-1222) 725 So.2d 1085 (Ala.Crim.App. 1997) (table). In September 1998, Hurth filed in the circuit court a Rule 32 petition for relief from that conviction and filed a motion for leave to proceed in forma pauperis. In support of this motion, Hurth submitted copies of his prison-fund records. These records established that during the seven preceding months, his average monthly deposit had been only $23.57 and his average daily balance, calculated monthly, had never exceeded $14.47. The court denied the motion to proceed in forma pauperis, with an order that read in pertinent part:
 "The Court has reviewed the petitioner's prison fund. The defendant can save the usual [amount] deposited to his account until he has sufficient funds to pay a filing fee in this case. Petition to proceed in forma pauperis is denied."
Hurth petitioned the Court of Criminal Appeals for a writ of mandamus directing *Page 1274 
the circuit court to permit him to proceed in forma pauperis. The Court of Criminal Appeals, on November 30, 1998, dismissed that petition, without an opinion. Ex parte Hurth (No. CR-97-2495)744 So.2d 967 (Ala.Crim.app. 1998) (table). Hurth now petitions this Court for the same relief. See Rule 21(e), Ala.R.App.P.
 II.
The docket fee for the filing of a petition for post-conviction relief is $140.00. See Ala. Code 1975, § 12-19-71(3); Rule 32.6(a), Ala.R.Crim.P. "To impose any financial consideration between an indigent prisoner and the exercise of his right to sue for his liberty is to deny that prisoner equal protection of the laws." Hoppins v. State, 451 So.2d 363, 364
(Ala.Crim.App. 1982) (citing Smith v. Bennett, 365 U.S. 708
(1961)). "While habeas corpus may, of course, be found to be a civil action for procedural purposes, it does not follow that its availability in testing the State's right to detain an indigent prisoner may be subject to the payment of a filing fee." Smith,365 U.S. at 712. (Citation omitted.) "[I]n order to prevent `effectively foreclosed access' [to the courts], indigent prisoners must be allowed to file appeals and habeas corpus petitions without payment of docket fees." Bounds v. Smith,430 U.S. 817, 822 (1977). A writ of mandamus "is the proper method by which to compel the circuit court to proceed on an in forma pauperis petition." Goldsmith v. State, 709 So.2d 1352, 1353
(Ala.Crim.App. 1997).
Although the trial court can require the payment of a docket fee when it finds that a Rule 32 petitioner is not indigent, seeEx parte Thomas, 723 So.2d 1261, 1262 (Ala. 1998), the facts before this Court indicate that Hurth was indigent when he filed his petition for post-conviction relief. See, e.g., Malone v.State, 687 So.2d 218, 219 (Ala.Crim.App. 1996) (holding that the petitioner was indigent — his prison fund had shown a balance of $15.04 on the day before he filed his Rule 32 petition, and his account had never contained more than $60.21 during the four months before he filed his petition). Moreover, nothing before this Court indicates that Hurth's financial status has changed since he filed his petition.
 III.
Accordingly, the circuit court is directed to vacate its order denying Hurth's motion to proceed in forma pauperis and is directed to permit Hurth to proceed with his Rule 32 petition without paying a docket fee.
WRIT GRANTED.
MADDOX, HOUSTON, BROWN, and ENGLAND, JJ., concur.