John E. Beavers, an inmate presently incarcerated in the St. Clair Correctional Facility in Springville, petitioned the Court of Criminal Appeals for a writ of mandamus directing the Houston Circuit Court to vacate its order denying his motion to be allowed to proceed in forma pauperis on a petition he had filed pursuant to Rule 32, Ala.R.Crim.P. The Court of Criminal Appeals dismissed his petition, without opinion, on January 13, 2000. Ex parteBeavers, (No. CR-99-0229) ___ So.2d ___ (Ala.Crim.App. 2000) (table). He has filed a similar petition in this Court. See Rule 21, Ala.R.App.P. Because we conclude that the trial court abused its discretion in denying Beavers's motion, we grant his petition.
Beavers was convicted, in 1985, of burglary in the third degree and was sentenced to 30 years' imprisonment as a habitual offender. The Court of Criminal Appeals, on October 28, 1986, affirmed his conviction. Beavers v. State, 497 So.2d 612
(Ala.Crim.App. 1986). On April 27, 1999, Beavers filed a Rule 32 petition in the Houston Circuit Court, challenging his 1985 burglary conviction. Beavers requested that he be allowed to proceed on his petition in forma pauperis. In support of his request, Beavers, who was then incarcerated at the Kilby Correctional Facility, submitted a certificate executed by an authorized Kilby official, which stated that he had a zero balance in his prison account as of April 27, 1999. Beavers's request to proceed in forma pauperis did indicate, however, that his sister was sending him $10 per week.
The circuit court denied Beavers's request to proceed informa pauperis, but proceeded to rule on the merits of Beavers's petition and denied it. Beavers appealed the circuit court's denial of his Rule 32 petition to the Court of Criminal Appeals. That court dismissed Beavers's appeal on August 27, 1999, without an opinion, holding that the circuit court lacked subject-matter jurisdiction to render a judgment on the Rule 32 petition because it had denied Beavers's motion to proceed in forma pauperis.Beavers v. State, (No. CR-98-1473) 778 So.2d 879
(Ala.Crim.App. 1999) (table). In dismissing Beavers's appeal, the Court of Criminal Appeals noted that the proper method by which to challenge the circuit court's denial of his request to proceed informa pauperis was by petition for a writ of mandamus. See Rule 21(e), Ala.R.App.P.
On November 1, 1999, Beavers filed a mandamus petition in the Court of Criminal Appeals, asking that Court to direct the Houston Circuit Court to vacate its order denying his request to proceedin forma pauperis. The Court of Criminal Appeals denied Beavers's petition on January 13, 2000. On January 24, 2000, Beavers petitioned this Court for a writ of mandamus.
"[M]andamus, and not appeal, is the proper method by which to compel the circuit court to proceed on an in forma pauperis petition." Goldsmith v. State, 709 So.2d 1352, 1353
(Ala.Crim.App. 1997). "To impose any financial consideration between an indigent prisoner and the exercise of his right to sue for his liberty is to deny that prisoner equal protection of the laws."Hoppins v. State, 451 So.2d 363, 364 (Ala.Crim.App. 1982) (citing Smith v. Bennett, 365 U.S. 708 (1961)). See also Ex parteHurth, 764 So.2d 1272 (Ala. 2000). "[I]n order to prevent `effectively foreclosed access' [to the courts], indigent prisoners must be allowed to file appeals and habeas corpus petitions without payment of docket fees." Bounds v. Smith, 430 U.S. 817,822 (1977).
The docket fee for filing a petition for postconviction relief is $140.00. See § 12-19-71(3), Ala. Code 1975; Rule 32.6(a), Ala.R.Crim.P. Moreover, § 12-19-70(b), Ala. Code 1975, provides that "[t]he docket fee may be waived initially [for an indigent petitioner] and [then] taxed as costs at the conclusion of the case." Although *Page 1225 
Beavers's in forma pauperis declaration indicated that his sister sent him $10 per week, the accompanying certificate indicated that he had a zero balance in his prison account on the day he filed his Rule 32 petition. Thus, the evidence before us suggests that Beavers was, in fact, indigent. See Ex parte Coleman,728 So.2d 703, 704-05 (Ala.Crim.App. 1998).
We conclude that the Houston Circuit Court erred when, without inquiry, it denied Beavers's request to proceed in formapauperis. Furthermore, the circuit court erred in ruling on the merits of Beavers's Rule 32 petition after denying his request to proceed in forma pauperis. Because the circuit court denied his request to proceed in forma pauperis, it lacked jurisdiction to rule on the merits of his petition. See Ex parte Thomas,723 So.2d 1261 (Ala. 1998).
The circuit court is directed to vacate its order denying Beavers's motion to be allowed to proceed in forma pauperis and is directed to permit Beavers to proceed with his Rule 32 petition without first paying a filing fee.
PETITION GRANTED; WRIT ISSUED.
Hooper, C.J., and Houston, See, and England, JJ., concur.