COOK, Justice.
Arthur Franklin Hamm was convicted of possession of a controlled substance. After considering a probation officer’s pre-sentence report, the trial court sentenced Hamm to five years in prison. Hamm petitioned for permission to appeal “infor-ma pauperis for purposes other than attorney fees.” The trial court denied the motion.
Hamm petitioned the Court of Criminal Appeals for a writ of mandamus, asking that court to direct the trial court to grant his indigency petition. The Court of Criminal Appeals, on February 11, 2000, denied Hamm’s mandamus petition and allowed him 14 days within which to make arrangements to pay for the record on appeal. Ex parte Hamm (No. CR-99-0664), — So.2d - (Ala.Crim.App.2000) (table).
*1127 Hamm now petitions this Court for a writ of mandamus directing the trial court to allow him to appeal in forma pauperis. We grant the petition and issue the writ.
Rule 6.3(a), Ala.R.Crim.P., defines an “indigent” as “a person who is financially unable to pay for his or her defense.” Rule 6.3(b) provides that, in order to proceed in his or her case as an “indigent,” a criminal defendant “shall complete under oath an affidavit of substantial hardship concerning his or her financial resources.” Rule 6.3(b) also states that a defendant who seeks to proceed as an indigent “may also be examined under oath regarding his or her financial resources by the court responsible for determining indigency.” We note that this Court’s Advisory Committee, commenting on Rule 6.3, stated that the Rules of Criminal Procedure regarding indigent defendants are not intended to change statutory provisions in this area.
Section 15-12-1, Ala.Code 1975, defines “indigent defendant” as
“[a]ny person involved in a criminal or juvenile proceeding in the trial or appellate courts of the state for which proceeding representation by counsel is constitutionally required, who under oath or affirmation states that he or she is unable to pay for his or her defense, and who is found by the court to be financially unable to pay for his or her defense.”
Section 15-12-5 sets out the procedure the trial court must follow in determining if a defendant is indigent:
“(a) Judicial role in determining in-digency. — The trial judge first having cognizance of a criminal or juvenile proceeding in his court shall determine if an accused person or petitioner for postcon-viction relief is an indigent defendant. Upon appeal from a trial court to the state appellate courts, the trial judge or the presiding circuit judge shall determine if the appellant is an indigent defendant. ...
“(b) Criteria for determining indi-gency. — In determining indigency, the judge shall recognize ability to pay as a variable depending on the nature, extent and liquidity of assets, the disposable net income of the defendant, the nature of the offense, the effort and skill required to gather pertinent information and the length and complexity of the proceedings.
“(c) Investigation of indigency. — In determining the fact of indigency a judge may require an investigation and report by a district attorney, public defender, sheriff, probation officer or other officer of the court. Provided, further, that the trial court judge shall, in all cases requiring a determination of indi-gency, require the accused to execute an affidavit of substantial hardship on a form approved by the Supreme Court. The completed affidavit of substantial hardship and the subsequent order of the court either denying or granting court appointed counsel to the accused shall become a part of the official court record in the case.”
Rule 24(a), Ala.R.App.P., provides, in part:
“A party to an action in a court who desires to proceed on appeal in forma pauperis shall file in the trial court a motion for leave so to proceed, together with an affidavit showing, in the detail prescribed by Form 15 of the Appendix of Forms, the party’s inability to pay fees and costs or to give security therefor, the party’s belief that he or she is entitled to redress, and a statement of the issues which the party intends to present on appeal.... If the motion is denied, the trial court shall state in writing the reasons for the denial.”
*1128 A criminal defendant bears the burden of proving his or his indigency for the purpose of being allowed to proceed in forma pauperis. Adams v. City of Pelham, 651 So.2d 55 (Ala.Crim.App.1994). The determination whether a defendant has met that burden and may proceed on appeal as an indigent is within the discretion of the trial judge. Warren v. City of Enterprise, 641 So.2d 1312 (Ala.Crim.App.1994).
The attorney general argues that Hamm failed to meet the burden of proving his indigency. Further, says the attorney general, the trial court had before it a probation officer’s presentence report on Hamm, as well as the report of the police officer who arrested Hamm, and that both of these documents indicate that the trial court correctly exercised its discretion in denying Hamm’s motion.
However, the trial court’s discretion in ruling on a motion to proceed in forma pauperis is not unbridled. As noted above, if the trial court denies a criminal defendant’s motion to proceed in for-ma pauperis, “the trial court shall state in writing the reasons for the denial.” Rule 24(a), Ala.R.App.P. The trial court gave no reasons for denying Hamm’s motion to proceed in forma pauperis, and we will not attempt to infer from the record before us what the reasons might have been.
The petition is granted; the trial court is directed to allow Hamm to proceed in forma pauperis.
PETITION GRANTED; WRIT ISSUED.
HOOPER, C.J., and HOUSTON, JOHNSTONE, and ENGLAND, JJ., concur.
MADDOX, SEE, LYONS, and BROWN, JJ., dissent.