Richard Martin Ferrell, presently an inmate at St. Clair Correctional Facility in Springville, petitions for a writ of mandamus directing the circuit court for Baldwin County to grant his request to proceed in formapauperis for the purpose of filing a Rule 32, Ala.R.Crim.P., petition.
Ferrell pleaded guilty in 1995 to unlawful possession of marijuana and unlawful possession of a controlled substance. He was sentenced to consecutive terms of 20 years imprisonment in the state penitentiary. His convictions were affirmed on direct appeal, without opinion. Ferrell v.State, (No. CR-94-1334), 683 So.2d 70 (Ala.Crim.App. 1995) (table). In October 2000, Ferrell filed a Rule 32, Ala.R.Crim.P., petition. The petition was accompanied by an in forma pauperis declaration stating that he had $.17 in his prison inmate account. The circuit court denied indigency status. Ferrell filed a motion to reconsider, that motion was denied, and this petition followed.
We allowed the State 21 days to respond to the allegations in the petition. The State has answered by stating that we should grant Ferrell the relief he requests in his petition. It cites Ex parte Beavers,779 So.2d 1223 (Ala. 2000), in support of this assertion. In Beavers, the Alabama Supreme Court stated:
 "`[M]andamus, and not appeal, is the proper method by which to compel the circuit court to proceed on an in forma pauperis petition.' Goldsmith v. State, 709 So.2d 1352, 1353 (Ala.Crim.App. 1997). `To impose any financial consideration between an indigent prisoner and the exercise of his right to sue for his liberty is to deny that prisoner equal protection of the laws.' Hoppins v. State, 451 So.2d 363, 364 (Ala.Crim.App. 1982) (citing Smith v. Bennett, 365 U.S. 708 (1961)). *Page 84 
 See also Ex parte Hurth, 764 So.2d 1274 (Ala. 2000). `In order to prevent "effectively foreclosed access" [to the courts], indigent prisoners must be allowed to file appeals and habeas corpus petitions without payment of docket fees.' Bounds v. Smith, 430 U.S. 817, 822
(1977).
 "The docket fee for filing a petition for postconviction relief is $140.00. See § 12-19-71(a)(3), Ala. Code 1975; Rule 32.6(a), Ala.R.Crim.P. Moreover, § 12-19-70(b), Ala. Code 1975, provides that `[t]he docket fee may be waived initially [for an indigent petitioner] and [then] taxed as costs at the conclusion of the case.' Although Beavers's in forma pauperis declaration indicated that his sister sent him $10 per week, the accompanying certificate indicated that he had a zero balance in his prison account on the day he filed his Rule 32 petition. Thus, the evidence before us suggests that Beavers was, in fact, indigent. See Ex parte Coleman, 728 So.2d 703, 704-05 (Ala.Crim.App. 1998).
 "We conclude that the Houston Circuit Court erred when, without inquiry, it denied Beavers's request to proceed in forma pauperis."
779 So.2d at 1224 -25.
The exhibits attached to Ferrell's mandamus petition reflect that Ferrell did not have more than $40.00 in his prison inmate account in the months prior to his filing the Rule 32 petition. On the date Ferrell filed his postconviction petition he had a balance of $.17 in his inmate account.
"Indigent" is defined in the Alabama Rules of Criminal Procedure as "a person who is financially unable to pay for his or her defense." Rule 6.3(a), Ala.R.Crim.P. Ferrell meets this definition. See Ex parteBeavers; Ex parte Coleman, 728 So.2d 703 (Ala.Crim.App. 1998); Malone v.State, 687 So.2d 218 (Ala.Crim.App. 1996); Stafford v. State, 647 So.2d 102
(Ala.Crim.App. 1994).
We agree with the State. The circuit court erred in denying Ferrell's request to be allowed to proceed in forma pauperis. For these reasons, this petition is due to be, and is hereby, granted.
PETITION GRANTED.
Cobb, Shaw, and Wise, JJ., concur.
Baschab, J., recuses herself.