BROWN, Justice.
Artie Glenn Dozier, a state inmate incarcerated in the St. Clair Correctional Facility in Springville, petitioned the Court of Criminal Appeals for a writ of mandamus directing the Calhoun Circuit Court to allow him to proceed in forma pauperis on a petition he filed pursuant to Rule 32, Ala. R.Crim. P. The Court of Criminal Appeals denied his mandamus petition. Dozier then filed a similar mandamus petition in this Court. Because we conclude that the circuit court abused its discretion in denying Dozier’s request, we grant the petition and issue the writ.
On August 17, 1993, Dozier was convicted in the Calhoun Circuit Court of robbery in the first degree. He was sentenced as a habitual offender to life imprisonment *775 without parole. The Court of Criminal Appeals affirmed Dozier’s conviction and sentence, by an unpublished memorandum, on June 17, 1994. Dozier v. State (No. CR-92-1962), 658 So.2d 912 (Ala.Crim. App.1994) (table). That court issued a certificate of final judgment on November 23, 1994.
On August 21, 2000, Dozier filed a Rule 32 petition in the Calhoun Circuit Court, challenging his 1993 robbery conviction.[1] Dozier sought leave to waive the docket fee required by § 12-19-70, Ala.Code 1975,[2] and requested that he be allowed to proceed on his petition in forma pauperis. In support of his request, Dozier submitted a certificate executed by an authorized officer of the correctional facility in which he was incarcerated, which stated that Dozier had a zero balance in his prison account at the time he filed his Rule 32 petition.
The circuit court issued an order denying Dozier’s request to be allowed to proceed in forma pauperis. It is apparent from that order that the circuit court did not deny Dozier’s request to proceed in forma pauperis based on Dozier’s financial status, but rather it denied the request based on its findings that Dozier’s Rule 32 petition was successive, that it contained claims that could have been, but were not, raised at trial and on direct appeal, and that no material issue of fact or law existed that entitled Dozier to relief under Rule 32. See Rules 32.2(b), 32.2(a)(2) through (5), and 32.7(d), Ala. R.Crim. P. Dozier appealed the circuit court’s denial of his request to be allowed to proceed in forma pauperis to the Court of Criminal Appeals. That court dismissed Dozier’s appeal on March 20, 2001, without an opinion, declaring that the appeal was from “a nonap-pealable order.” Dozier v. State, 821 So.2d 1049 (Ala.Crim.App.2001) (table).
On March 29, 2001, Dozier filed a petition for a writ of mandamus in the Court of Criminal Appeals, asking that court to direct the Calhoun Circuit Court to grant his request to be allowed to proceed in forma pauperis on his Rule 32 petition. The Court of Criminal Appeals denied Dozier’s mandamus petition, without an opinion, on May 2, 2001. Ex parte Dozier (No. CR-00-1283), — So.2d(Ala.Crim.App.2001) (table). On May 11, 2001, Dozier petitioned this Court for a writ of mandamus, seeking to have this Court direct the circuit court to grant his request to be allowed to proceed in forma pauperis. See Rule 21(e), Ala. RApp. P.
“ ‘[M]andamus, and not appeal, is the proper method by which to compel the circuit court to proceed on an in forma pauperis petition.’ Goldsmith v. State, 709 So.2d 1352, 1353 (Ala.Crim.App. 1997). ‘To impose any financial consideration between an indigent prisoner and the exercise of his right to sue for his liberty is to deny that prisoner equal protection of the laws.’ Hoppins v. State, 451 So.2d 363, 364 (Ala.Crim.App. 1982) (citing Smith v. Bennett, 365 U.S. 708, 81 S.Ct. 895, 6 L.Ed.2d 39 (1961)). See also Ex parte Hurth, 764 So.2d 1272 (Ala.2000). ‘[I]n order to prevent “effectively foreclosed access” [to the courts], indigent prisoners must be allowed to file appeals and habeas corpus petitions *776 without payment of docket fees.’ Bounds v. Smith, 430 U.S. 817, 822, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977).”
Ex parte Beavers, 779 So.2d 1223, 1224 (Ala.2000).
At the time Dozier filed his Rule 32 petition in the Calhoun Circuit Court, the docket fee for filing a postconviction petition was $ 140. § 12-19-71(a)(3), Ala.Code 1975.[3] “ ‘Indigent’ is defined in the Alabama Rules of Criminal Procedure as ‘a person who is financially unable to pay for his or her defense.’ Rule 6.3(a), Ala. R.Crim. P.” Ex parte Ferrell, 819 So.2d 83, 84 (Ala.Crim.App.2001). As noted above, the certificate accompanying Dozier’s request that he be allowed to proceed in forma pauperis indicated that he had a zero balance in his prison account when he filed his Rule 32 petition. Thus, the facts before this Court indicate that Dozier was indigent. See, e.g., Ex parte Beavers, 779 So.2d at 1224-25; Ex parte Hurth, 764 So.2d 1272, 1274 (Ala.2000); Ex parte Ferrell, 819 So.2d at 84; Ex parte Coleman, 728 So.2d 703, 704-05 (Ala.Crim.App.1998); and Malone v. State, 687 So.2d 218, 219 (Ala.Crim.App.1996). Nothing before this Court indicates that Dozier’s financial status has changed since he filed his petition.
We conclude that the circuit court erred when it denied Dozier’s request to be allowed to proceed informa pauperis. Furthermore, the circuit court erred in basing its denial of Dozier’s request on its findings that Dozier’s Rule 32 petition was procedurally barred and that it lacked merit, rather than on a consideration of Dozier’s financial status.
For the reasons stated above, the circuit court is directed to grant Dozier’s request to be allowed to proceed in forma pauper-is and is directed to permit Dozier to proceed with his Rule 32 petition without paying a docket fee.
PETITION GRANTED; WRIT ISSUED.
HOUSTON, SEE, LYONS, JOHNSTONE, and HARWOOD, JJ., concur.
WOODALL, J., concurs in the result.
MOORE, C.J., and STUART, J., dissent.

. The August 21, 2000, petition was Dozier’s third postconviction petition challenging the robbery conviction.

. Section 12-19-70, Ala.Code 1975, requires that a circuit court collect the docket fee for a postconviction petition at the time the petition is filed, unless the circuit court approves a verified statement of substantial hardship, in which event the docket fee may initially be waived and then taxed as costs at the conclusion of the case. See § 12-19-70(b), Ala. Code 1975.

. Effective October 1, 2000, the docket fee for cases filed in the circuit court was increased to $145. See § 12-19-71(b), Ala.Code 1975.