The petitioner, Robert L. Pritchett, an inmate at Limestone Correctional Facility in Capshaw, petitions for a writ of mandamus directing Judge Gloria Bahakel to grant his request to proceed in formapauperis for purposes of filing a petition for postconviction relief pursuant to Rule 32, Ala.R.Crim.P. In 1985, Pritchett pleaded guilty to robbery in the second degree. In January 2002, Pritchett filed his fifth postconviction petition in the Jefferson Circuit Court, the court in which he was convicted. See Rule 32.5. Pritchett's petition was accompanied by a request to proceed in forma pauperis. Judge Bahakel denied the request, stating that the court was not going "to continue to grant indigency status for the purpose of filing one frivolous petition after another. To do so would be an improvident waste of tax dollars." Pritchett then filed this mandamus petition.
Pritchett argues in his petition that Judge Bahakel erred in denying his request to proceed in forma pauperis; that Judge Bahakel should recuse herself from the case because she wrongfully had denied his request for indigency; and that we should direct Judge Bahakel to vacate his conviction. We allowed the State the opportunity to respond to Pritchett's allegations. The State has responded, stating that this Court should grant Pritchett's petition in part and remand this case to the circuit court for that court to determine Pritchett's indigency status.
The Alabama Supreme Court, in Ex parte Beavers, 779 So.2d 1223 (Ala. 2000), stated:
 "`[M]andamus, and not appeal, is the proper method by which to compel the circuit court to proceed on an in forma pauperis petition.' Goldsmith v. State, 709 So.2d 1352, 1353 (Ala.Crim.App. 1997). `To impose any financial consideration between an indigent prisoner and the exercise of his right to sue for his liberty is to deny that prisoner equal protection of the laws.' Hoppins v. State, 451 So.2d 363, 364
(Ala.Crim.App. 1982) (citing Smith v. Bennett, 365 U.S. 708, 81 S.Ct. 895, 6 L.Ed.2d 39 (1961)). See also Ex parte Hurth, 764 So.2d 1272 (Ala. 2000). `In order to prevent "effectively foreclosed access" [to the courts], indigent prisoners must be allowed to file appeals and habeas corpus petitions without payment of docket fees.' Bounds v. Smith, 430 U.S. 817, 822, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977).
 "The docket fee for filing a petition for postconviction relief is $140.00. See § 12-19-71
(3), Ala. Code 1975[1]; Rule 32.6(a), Ala.R.Crim.P. Moreover, § 12-19-70(b), Ala. Code 1975, provides that `[t]he docket fee may be waived initially [for an indigent petitioner] and [then] taxed as costs at the conclusion of the case.' Although Beavers's in forma pauperis declaration indicated that his sister sent him $10 per week, the accompanying certificate indicated that he had a zero balance in his prison account on the day he filed his Rule 32 petition. Thus, the evidence before us suggests that Beavers was, in fact, indigent. See Ex parte Coleman, 728 So.2d 703, 704-05 (Ala.Crim.App. 1998).
 "We conclude that the Houston Circuit Court erred when, without inquiry, it denied Beavers's request to proceed in forma pauperis."
779 So.2d at 1224-25.
This case is therefore remanded to the circuit court for that court to consider *Page 102 
Pritchett's in forma pauperis request based solely on Pritchett's ability to pay the filing fee.[2] See Ex parte Coleman, 728 So.2d 703, 708
(Ala.Crim.App. 1998). As we stated in Coleman, the "trial court is not without power to impose restrictions similar to those suggested in Procup[v. Strickland, 792 F.2d 1069 (11th Cir. 1986)]." Any restrictions placed on Pritchett's future filings "should not be so overbroad as to deny [him] `meaningful access to the courts.'" Coleman, 728 So.2d at 708, quoting White v. State, 695 So.2d 241, 242 (Ala.Crim.App. 1996).
For the reasons stated above, this petition is due to be, and is hereby, granted, to the extent that Judge Bahakel is directed to reconsider Pritchett's in forma pauperis request.[3] See Beavers.
PETITION GRANTED IN PART; DENIED IN PART; WRIT ISSUED.
McMillan, P.J., and Cobb, Baschab, Shaw, and Wise, JJ., concur.
[1] On October 1, 2000, the docket fee was increased to $145.00. See § 12-19-71(b), Ala. Code 1975.
[2] Pritchett's mandamus petition was accompanied by an affidavit of substantial hardship. In that affidavit, Pritchett states that he has no money and no assets.
[3] According to § 12-19-70(b), Ala. Code 1975, the filing fee may be waived initially and then taxed as costs at the end of the proceeding. *Page 628