On Return to Second Remand 
*

SHAW, Judge.
This Court’s opinion issued on January 6, 2004, is withdrawn and the following opinion is substituted therefor.
In June 2002, Melvin Ray filed four Rule 32, Ala.R.Crim.P., petitions for postconviction relief in which he attacked his 1990 guilty-plea convictions for three counts of burglary in the third degree and one count of theft of property in the first degree, and he also filed requests to proceed in forma pauperis.
The State did not file any responses to Ray’s petitions. In April 2003, the circuit court summarily denied Ray’s Rule 32 petitions.
In his initial brief, Ray relied on Ex parte McWilliams, 812 So.2d 318 (Ala.2001), to support his contention that the circuit court’s order summarily denying his Rule 32 petitions was void. According to Ray, the circuit court never obtained subject-matter jurisdiction over his Rule 32 petitions because it did not collect a docket fee from Ray or rule on his requests to proceed in forma pauperis. In McWilliams, 812 So.2d at 321-22, the Alabama Supreme Court stated:
“In its unpublished memorandum ... the Court of Criminal Appeals correctly stated that the circuit court could not obtain subject-matter jurisdiction to consider a postconviction petition without first collecting a docket fee or granting a proper request to be allowed to proceed in forma pauperis. ‘[A]bsent the payment of a filing fee [required by § 12-19-70, Ala. Code 1975,] or the granting of a request to proceed in forma pauperis the trial court fails to obtain subject matter jurisdiction to consider a post-conviction petition.’ Carpenter v. State, 782 So.2d 848, 849 (Ala.Crim.App.2000) (citing Goldsmith v. State, 709 So.2d 1352, 1352-53 (Ala.Crim.App.1997)). See also, e.g., Ex parte Beavers, 779 So.2d 1223, 1224 (Ala.2000). Thus, the Court of Criminal Appeals correctly determined that the order of the Escambia Circuit Court purporting to deny McWil-liams’s postconviction petition was void. E.g., Carpenter, supra, 782 So.2d at 850; Goldsmith, 709 So.2d at 1353.”
*1065 By opinion dated January 6, 2004, this Court remanded this case for the circuit court to issue an order assessing Ray only one docket fee and to supplement the record with documents showing that the juvenile court had properly certified Ray to the circuit court to be treated as an adult. On remand, the circuit court complied with our instructions, and on February 20, 2004, this Court, by an unpublished memorandum, affirmed the circuit court’s summary denial of Ray’s Rule 32 petitions.
In his application for rehearing, Ray, once again, contended that the circuit court did not have jurisdiction to rule, on his Rule 32 petitions because, he said, it never granted his requests to proceed in forma pauperis. After conducting additional research and reexamining several cases, this Court, by an order dated May 17, 2004, granted Ray’s application for rehearing, withdrew our February 20, 2004, unpublished memorandum, and remanded this case for the circuit court to make specific written findings as to whether it actually granted Ray’s requests to proceed in forma pauperis or whether Ray paid the filing fee. In'an order dated May 20, 2004, the circuit court stated that it did not grant Ray’s requests to proceed in forma pauperis and that Ray had never paid a filing fee.
In light of the foregoing, the circuit court’s order summarily denying Ray’s Rule 32 petitions is a nullity because the circuit court never obtained subject-matter jurisdiction to consider Ray’s postconviction petitions. Therefore, Ray’s appeal from the circuit court’s order purporting to deny his Rule 32 petitions is due to be dismissed.
OPINION OF JANUARY 6, 2004, WITHDRAWN; OPINION SUBSTITUTED; APPEAL DISMISSED.
McMILLAN, P.J., and COBB, BASCHAB, and WISE, JJ., concur.

 Note from the reporter of decisions: On January 6, 2004, the Court of Criminal Appeals issued an opinion remanding this case with instructions. February 20, 2004, on return to remand, the Court of Criminal Appeals affirmed, without opinion. On March 17, 2004, the Court of Criminal Appeals, by order, withdrew its February 20, 2004, unpublished memorandum and again remanded the case with directions. The August 27, 2004, opinion is thus on return to second remand.