John F. Ward petitions this Court for a writ of mandamus directing the Marion Circuit Court to set aside its order assessing a filing fee on Ward's first Rule 32, Ala. R.Crim. P., petition and to grant his request to be allowed to proceed in forma pauperis in his second Rule 32 petition. We conclude that the trial court erred in two respects: its assessment of a filing fee against Ward was untimely, and it exceeded its discretion in withholding its ruling on Ward's request to be allowed to proceed in forma pauperis on his first Rule 32 petition. Ward also asks this Court to direct the Marion Circuit Court to set aside or vacate its order revoking his probation. Because we conclude that Ward fails to show that he has a clear legal right to this relief, we deny the petition as to this claim.
 I. Factual and Procedural Background
John F. Ward was convicted of two counts of felony driving under the influence in separate cases arising and prosecuted in Marion and Winston Counties. Ward pleaded guilty in both cases and received two 10-year sentences, to be served concurrently; however, both sentences were suspended, and the trial court placed Ward on supervised probation for 5 years. Ward did not file a timely notice of appeal from his convictions to the Court of Criminal Appeals. His convictions became final on May 3, 2004, following the 42-day period within which a party may seek appellate review as prescribed by Rule 4(b), Ala. R.App. P. On November 23, 2004, according to Ward's petition, the trial court revoked Ward's probation because he failed to appear for the initial "lock-down." On April 15, 2005, the Court of Criminal Appeals affirmed the revocation of Ward's probation by an unpublished memorandum. Ward v. State (No. CR-04-0378),926 So.2d 1084 (Ala.Crim.App. 2005) (table).
According to the trial judge, Ward has been a "prolific inmate" in his "frivolous post-conviction filings." Answer of the trial judge at 9, 11. Ward has filed two appeals from his convictions for driving under the influence, a petition for the writ of mandamus in the Court of Criminal Appeals, two federal petitions for the writ of habeas corpus, and a previous Rule 32 petition.Id. at 11. *Page 451 
On December 12, 2005, Ward filed his second Rule 32 petition, in which he challenges the Marion County driving-under-the-influence conviction and, according to Ward, asserts "only [j]urisdictional grounds for relief."[1] With that petition, he filed a request to be allowed to proceed in forma pauperis, attaching a statement verified by the appropriate prison official demonstrating his prison-account balance for the relevant period.
On January 11, 2005, the trial court issued an order stating:
 "Pursuant to Rule 32.6, paragraph (a), the Court hereby assesses the filing fee of $204 to be paid to the Clerk of the Court as a result of the defendant's prior meritless Rule 32 petition. The Court hereby orders the correctional institution having custody of [Ward] to withhold fifty percent (50%) of all monies the institution presently has on deposit for [Ward] or receives in the future for [him] until the $204 filing fee hereby assessed has been collected and paid in full.
 "The Court withholds ruling on the Motion to Proceed In Forma Pauperis in the defendant's second
Rule 32 Petition filed on December 12, 2005 until the filing fee in his first petition has been paid in full."
Ward filed a petition for a writ of mandamus asking the Court of Criminal Appeals to direct the trial court to set aside its order and to grant his request to proceed in forma pauperis on his second Rule 32 petition. On April 3, 2006, the Court of Criminal Appeals denied his petition, without an opinion. Ex parteWard (No. CR 05-0787), ___ So.2d ___ (Ala.Crim.App. 2006) (table). Ward now petitions this Court seeking the same relief.
 II. Standard of Review
In Ex parte Melton, 837 So.2d 819, 820-21 (Ala. 2002), this Court discussed the standard of review applicable to a petition for the writ of mandamus:
 "`A writ of mandamus is an extraordinary remedy, and it will be "issued only when there is: 1) a clear legal right in the petitioner to the order sought; 2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; 3) the lack of another adequate remedy; and 4) properly invoked jurisdiction of the court." Ex parte United Serv. Stations, Inc., 628 So.2d 501, 503 (Ala. 1993). A writ of mandamus will issue only in situations where other relief is unavailable or is inadequate, and it cannot be used as a substitute for appeal. Ex parte Drill Parts Serv. Co., 590 So.2d 252
(Ala. 1991).'
 "Ex parte Empire Fire Marine Ins. Co., 720 So.2d 893, 894 (Ala. 1998)."
Further, this Court has stated: "`"[Mandamus, and not appeal, is the proper method by which to compel the circuit court to proceed on an in forma pauperis petition."'" 837 So.2d at 822 (quotingEx parte Beavers, 779 So.2d 1223, 1224 (Ala. 2000), quoting in turn Goldsmith v. State, 709 So.2d 1352, 1353
(Ala.Crim.App. 1997)).
 III. Analysis
The petition before this Court presents two issues: whether the trial court exceeded *Page 452 
its jurisdiction by assessing a filing fee on a Rule 32 petition nine months after it summarily dismissed the petition, when it was considering Ward's second Rule 32 petition, and whether the trial court exceeded its discretion by conditioning the consideration of Ward's second Rule 32 petition on his paying the filing fee associated with his first petition.
The trial judge, through the Attorney General of the State of Alabama, argues that both § 12-19-70(b), Ala. Code 1975, and Rule 32.6(a), Ala. R.Crim. P., allow the trial court to impose the filing fee on Ward. Section 12-19-70(b) provides that "[t]he docket fee may be waived initially and taxed as costs at the conclusion of the case if the court finds that payment of the fee will constitute a substantial hardship." See also Fincher v.State, 724 So.2d 87, 90 (Ala.Crim.App. 1998) ("Section12-19-70(b) . . . provides that . . . the docket fee of an indigent petitioner may be waived initially and then taxed as costs at the conclusion of the case."). The Alabama Rules of Criminal Procedure are more specific:
 "If, upon final disposition of the petition, the court finds that all of the claims for relief are precluded for any of the reasons stated in Rule 32.2, it may assess the filing fee, or any portion thereof, and order the correctional institution having custody of the petitioner to withhold 50% of all moneys the institution then has on deposit for the petitioner, or receives in the future for the petitioner, until the filing fee that has been assessed by the court has been collected and paid in full."
Rule 32.6(a), Ala. R.Crim. P.
The State points out that neither the language of the statute nor the language of the rule imposes a definite time within which the court must order that the filing fee must be paid. Neither party has provided any authority resolving the question, nor has this Court's research located any caselaw that is on point.
The wording of the statute and the wording of the rule suggest that the time within which the trial court may make such an order is not unlimited. In determining the meaning of a statute or a court rule, this Court looks first to the plain meaning of the words as they are written. See Tolar Constr., LLC v.Kean Elec. Co., 944 So.2d 138, 149 (Ala. 2006) ("`"Words used in a statute must be given their natural, plain, ordinary, and commonly understood meaning, and where plain language is used a court is bound to interpret that language to mean exactly what it says."'" (quoting other cases)); Alabama State Barv. Coffey, 938 So.2d 942, 948 (Ala. 2006) ("`"`[T]he construction of rules of court [is] for the court which promulgated them.' . . . `We start with the basic premise that words used in court rules must be given their plain meaning.'"'" (quoting other cases)). The statute provides that the court may tax the fee as costs "at the conclusion of the case," and Rule 32.6(a) states that, "upon final disposition of the petition," the court may make such an order. These phrases are clear and unambiguous.
In this case, the trial court summarily dismissed Ward's first Rule 32 petition on April 5, 2005; it did not order Ward to pay the filing fee until January 11, 2006. The conclusion of the case and the final disposition of Ward's first petition occurred when the trial court dismissed the petition. It was at that point that the trial court was authorized to impose the fee it previously had waived.[2] However, *Page 453 
the trial court did not do so at that time. Instead, from the timing of the order imposing the fee, it appears that the trial court imposed the fee not to punish the prior meritless petition, but to prevent what it considered to be yet another frivolous filing. The State would frame the issue in terms of a trial court's power to control frivolous postconviction filings, and a court does have the power to protect itself from abusive litigants. Procup v. Strickland, 792 F.2d 1069, 1072-73
(11th Cir. 1986); Ex parte Pritchett, 832 So.2d 100, 102
(Ala.Crim.App. 2002) ("the `trial court is not without power to impose restrictions'" on abusive litigants). However, "`[although trial courts, in regulating the activities of abusive litigants, may impose restrictions under appropriate circumstances, these restrictions cannot deny the litigant meaningful access to the courts.'" Ex parte Coleman, 728 So.2d 703, 707-08
(Ala.Crim.App. 1998) (quoting Coleman v. State,539 So.2d 454, 457 (Ala.Crim.App. 1988)). The State argues that, given "Ward's continuous filing of meritless claims[,] the withholding of a ruling on his in forma pauperis application is a permissive injunctive device." State's answer at 11. We disagree.
The trial court here has crossed "the fine line between legitimate restraints and an impermissible restriction on a prisoner's constitutional right of access to the courts."Procup, 792 F.2d at 1072. The order imposing the filing fee came nine months after the trial court dismissed Ward's first Rule 32 petition. The order imposing the fee was issued only after Ward had filed his second petition. The timing of the order suggests that it was the filing of this second petition that prompted the trial court to impose a fee upon Ward for the first petition and to condition its consideration of Ward's re quest to proceed in forma pauperis on his second Rule 32 petition upon payment of those fees. The trial court's order was impermissible for two interrelated reasons.
First, the trial court has, in effect, imposed a fee that Ward must pay before it would entertain Ward's request to proceed in forma pauperis. The trial court expressly conditioned its consideration of the request to proceed in forma pauperis on Ward's paying $204. This Court has recognized that "`"[t]o impose any financial consideration between an indigent prisoner and the exercise of his right to sue for his liberty is to deny that prisoner equal protection of the laws."'" Ex parteDozier, 827 So.2d 774, 775 (Ala. 2002) (quoting Ex parteBeavers, 779 So.2d at 1224, and citing Smith v.Bennett, 365 U.S. 708, 81 S.Ct. 895, 6 L.Ed.2d 39 (1961)). This Court has further stated:
 "`"While habeas corpus may, of course, be found to be a civil action for procedural purposes, it does not follow that its availability in testing the State's right to detain an indigent prisoner may be subject to the payment of a filing fee." . . . "In order to prevent `effectively foreclosed access' [to the courts], indigent prisoners must be allowed to file appeals and habeas corpus petitions without payment of docket fees."'"
Ex parte Melton, 837 So.2d at 821 (quoting Smith v.Bennett, 365 U.S. 708, 712, 81 S.Ct. 895, 6 L.Ed.2d 39
(1961), and Bounds v. Smith, 430 U.S. 817, 822,97 S.Ct. 1491, 52 L.Ed.2d 72 (1977)) (alterations in original). Yet the order requires the payment of a $204 fee before the trial court will determine Ward's indigent status.
Second, the court's order withholding a decision on Ward's request to be allowed to proceed in forma pauperis until he has paid the filing fee for his earlier petition *Page 454 
appears tantamount to a denial of his request. Rule 6.3(a), Ala. R.Crim. P., defines an "indigent" as "a person who is financially unable to pay for his or her defense." If Ward truly is indigent, then he logically would not be able to pay the fee required by the trial court's order so that he could have his indigency established. Thus, for all practical purposes, by withholding its determination of Ward's indigent status, the trial court has denied his request to proceed in forma pauperis.[3] However, this Court held in Ex parte Dozier that the trial court lacks the discretion to deny a request to proceed in forma pauperis for reasons other than the movant's financial status.827 So.2d at 774. After determining from the facts that Dozier appeared to be indigent, this Court held that the trial court erred when it denied his request "on its findings that Dozier's Rule 32 petition was procedurally barred and that it lacked merit, rather than on a consideration of Dozier's financial status." 827 So.2d at 776. For that reason, we issued the writ of mandamus and directed the trial court to allow the indigent petitioner to proceed in forma pauperis. Id.
Here, the trial court ordered Ward to pay the filing fee for his first Rule 32 petition only after he filed his second Rule 32 petition, over nine months after the trial court had dismissed the first petition. The trial court's order does not mention Ward's financial ability to pay, but instead refers to his two notices of appeal, his petition for the writ of mandamus to the Court of Criminal Appeals, his habeas corpus petitions, and his previous Rule 32 petition. In fact, the trial court says that it "was withholding a ruling on Ward's in forma pauperis request[,] specifically stating that Ward's previous filings had all been addressed and denied by the appellate courts." State's answer at 11.
The request to be allowed to proceed in forma pauperis is not the appropriate vehicle for the trial court to rule on the merits of the indigent defendant's case. Instead, the Alabama Rules of Criminal Procedure provide other mechanisms to deal with a meritless claim, including summary dismissal under Rule 32.7(d). Because the trial court issued its order based on its belief that Ward's Rule 32 petition was successive, procedurally barred, and without merit in fact or law instead of upon Ward's financial ability to pay the filing fee, the trial court exceeded its discretion. Ward has thus established a clear legal right to have his request to proceed in forma pauperis considered and ruled upon.
Finally, Ward has supplemented his petition, asking this Court to order the trial court to set aside or vacate its order revoking his probation. He claims that the trial court lacked jurisdiction to revoke his probation because, he says, he was "never arrested on a warrant issued by the Marion County Circuit Court or upon a Written Statement filed by a State Probation Officer as required by the Code of Alabama 1975 § 15-22-50." Ward's supplemental petition at 1. However, Ward provides no evidence as to whether the trial court issued a warrant or an order of probation because, he says, he is "unable to obtain a copy of the Case Action Summary sheets from the Marion County Circuit Clerks." Ward's supplemental petition *Page 455 
at 3. Thus, he has failed to provide "parts of the record that would be essential to an understanding of the matters set forth in the petition" for the writ of mandamus as required by Rule 21(a), Ala. R.App. P. Nevertheless, we have acquired and reviewed the case-action-summary sheets from the Marion Circuit Court. These sheets do not prove Ward's assertions; instead, they state that an arrest warrant was issued on June 21, 2004. Thus, Ward has failed to establish a clear legal right to the relief he seeks in his supplemental petition.
 IV. Conclusion
Ward has established a clear legal right to an order directing the trial court to vacate its order imposing a filing fee and withholding consideration of his request to be allowed to proceed in forma pauperis. The trial court has untimely assessed a filing fee against Ward and has conditioned its willingness to entertain Ward's request to proceed in forma pauperis in his second Rule 32 petition upon his payment of that fee; therefore, we grant the petition for the writ of mandamus and direct the trial court to set aside its order assessing a filing fee on Ward's first Rule 32 petition and to consider and rule upon Ward's request to be allowed to proceed in forma pauperis on his second Rule 32 petition. However, Ward failed to demonstrate a clear legal right to a writ directing the trial court to vacate its order revoking Ward's probation; therefore, we deny his supplemental petition as to this claim.
PETITION GRANTED IN PART AND DENIED IN PART; WRIT ISSUED.
NABERS, C.J., and HARWOOD, STUART, and BOLIN, JJ., concur.
[1] Ward argues that the conviction and sentence are invalid because, he says, the trial court "suspended the original sentence without entering an Order for Probation," "proceeded without a valid indictment, one that failed to charge all the essential elements," "failed to afford him an allocution at sentencing," "accepted a plea agreement that called for an illegal sentence," "failed to sentence him in OPEN COURT," "[f]ailed to pronounce JUDGMENT in Open Court," and "accepted a guilty plea NOT IN OPEN COURT." Ward's reply brief at 1-2 (capitalization in original).
[2] Webster's Third New International Dictionary 2518 (1966) defines "upon" to mean "immediately following on" or "very soon after." The order, coming nine months after the dismissal of Ward's first petition, was thus not "upon final disposition of the petition."
[3] The State appears to concede that the trial court has denied the request, by claiming that the order withholding a ruling on the request complies with Ex parte Hamm,785 So.2d 1126, 1128 (Ala. 2000), which requires the trial court to state its reasons for denying a request to proceed in forma pauperis in writing and with specificity. There would be no need to comply with Ex parte Hamm if the request had not been denied.