MOORE, Chief Justice
(concurring in part and dissenting in part).
I concur with the majority opinion insofar as it holds that appellate jurisdiction over actions filed by incarcerated inmates seeking release from prison pursuant to the Alabama Prisoner Litigation Reform Act, § 14-15-1 et seq., Ala.Code 1975 (“the APLRA”), lies with this Court, not with the Court of Civil Appeals or the Court of Criminal Appeals. I respectfully dissent from that part of the majority opinion that predicates its denial of the requested mandamus relief—namely, the issuance of writs directing the Elmore Circuit Court to grant in forma pauperis (“IFP”) status to inmates Curtis J. Cook, Jr., and Joe Daniel Holt, Jr., the petitioners—on the rationale expressed in Ex parte Wyre, 74 So.3d 479 (Ala.Crim.App.2011).
Today the Court adopts the Wyre “look back” or “could have saved” rule for the first time, even though the resolution of this case does not depend on Wyre. Under this rule, a court may deny an inmate IFP status if it surmises from recent deposits into the inmate’s trust account that the inmate could have saved enough money in the previous 12 months to pay his or her filing fee. The present case involves determinations of IFP status under § 14-15-5, Ala.Code 1975, not under Rules 32.6 and 32.7, Ala. R.Crim. P., which were the dis-positive rules in Wyre. Wyre is relevant to this case only by loose analogy. Under § 14-15-5(b), a court “shall deny in forma pauperis status to any prisoner who has had three or more pro se civil actions or appeals dismissed by any federal or state court for being frivolous, malicious, or for failure to state a claim,” unless the prisoner makes certain showings specified in § 14-15-5(b). The respondents argue that the trial court properly denied Holt IFP status under § 14-15-5(b) because Holt had three or more pro se civil actions dismissed for being frivolous, malicious, or for failure to state a claim. Given that this case involves the application of § 14-15-5, and not the specific rules of criminal procedure addressed in Wyre, I do not believe *323 that the rule espoused in Wyre should be discussed, let alone play a deciding role, in our decision in Holt’s case.
Even in cases governed by Rules 32.6 and 32.7, Ala. R.Crim. P., however, the “look back” or “could have saved” rule articulated in Wyre raises troubling constitutional questions. The Wyre rule impedes a prisoner’s access to the courts in possible violation of the Due Process Clause by weighing the interests of rich and poor criminals unequally. The Wyre rule also may violate the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution. See also Ala. Const.1901, Art. I, §§ 1, 6, 13, and 22, and Ex parte Johnson, 123 So.3d 953, 954 (Ala.2013) (Moore, C.J., dissenting)(“‘The Fourteenth Amendment weighs the interests of rich and poor criminals in equal scale.’” (quoting Smith v. Bennett, 365 U.S. 708, 714, 81 S.Ct. 895, 6 L.Ed.2d 39 (1961))).
For the first decade after this Court adopted the Alabama Rules of Criminal Procedure, the Court of Criminal Appeals was responsive to prisoners’ complaints that a trial court was unfairly denying IFP status in postconviction proceedings even after a demonstration of indigence. In fact, the Court of Criminal Appeals “uniformly granted IFP status when the balance in an inmate’s prison account on the date the Rule 32[, Ala. R.Crim. P.,] petition was filed was less- than the filing fee and the prisoner’s account balance had never exceeded the filing fee in previous months.” Ex parte Robey, 160 So.3d 757, 761 (Ala.2014)(Moore, C.J., dissenting).[7] This Court routinely affirmed the judg- *324 merits of the Court of Criminal Appeals in these matters.
In Ex parte Hurth, 764 So.2d 1272, 1273 (Ala.2000), we rejected the trial court’s finding that an inmate was not entitled to IFP status because he could have saved his usual monthly deposit to cover the costs of the filing fee. Instead, this Court ordered the trial court to permit the inmate to proceed with his petition for post-conviction relief based on the inmate’s financial . condition when he filed for IFP status. Hurth, 764 So.2d at 1274. In similar cases from this period this Court recognized that courts should look to the amount of an inmate’s funds at the time of filing to determine whether the inmate was indigent and, thus, entitled to IFP status. See Ex parte Beavers, 779 So.2d 1223, 1224-25 (Ala.2000); Ex parte Dozier, 827 So.2d 774, 776 (Ala.2002).
Not until Wyre did an appellate court adopt the “look back” or “could have saved” rule. Robey, 160 So.3d at 762 (Moore, C.J., dissenting). Because I continue to. believe that “Wyre is inconsistent with our prior cases on determining indi-gency,” and, worse still, is “constitutionally questionable” and “unspecified in rule or statute,” Robey, 160 So.3d at 765 (Moore, C.J., dissenting), I object to the majority’s reliance on Wyre. Moreover, Wyre does not apply to an IFP determination under § 14-15-5. The facts and arguments before us do not justify ratifying a dubious decision by a lower appellate court on an issue ancillary to the' one presented. Therefore,' although I concur in the jurisdictional holding, I respectfully dissent from the Court’s approval of the unnecessarily harsh Wyre rule.

. See, e.g., Lucas v. State, 597 So.2d 759, 760 (Ala.Crim.App.1992)(reversing order denying IFP status when "there has never been any more than $31.47 in the [prisoner's] account at any one time” and the filing fee was $95); Robinson v. State, 629 So.2d 5, 5 (Ala.Crim.App.1993) (reversing order denying IFP status when prisoner's IFP declaration "states that the only money available to the [prisoner] is $6.25, which is in his prison account”); Stafford v. State, 647 So.2d 102 (Ala.Crim.App.1994) (reversing order denying IFP status when filing fee was $110, prisoner's inmate trust account contained $91.83 at the time of filing, the highest monthly balance in the account in .the previous nine months was $104.33, and the average balance for that period was $63.15); Griggs v. State, 659 So.2d 1044 (Ala.Crim.App.1995)(reversing order denying IFP status when prisoner had only $1.10 in his inmate trust account when he filed his Rule 32 petition); Powell v. State, 674 So.2d 1259, 1260 (Ala.Crim.App.1995)(revers-ing order denying IFP status when prisoner had $1.00 in his inmate trust, account when he attempted to file the petition, the filing fee was $110, and thus "it appeared] that the [prisoner was] indigent”); Hawkins v. State, 675 So.2d 1359, 1360 (Ala.Crim.App.1995) (reversing order denying IFP status because, "[f]rom examining the [prisoner's] prison account balances, we conclude that the [prisoner] is indigent”); Malone v. State, 687 So.2d 218 (Ala.Crim.App.1996) (reversing order denying IFP status when prisoner showed a balance of $15.04 in his inmate trust account ori the filing date, the maximum balance in the account over the previous four months was $60.21, and the filing fee was $110); Cummings v. State, 687 So.2d 1290 (Ala.Crim.App.1996) (reversing order denying IFP status when prisoner had $31.49 in his inmate trust account when he filed the petition and the filing fee was $110); Ex parte Coleman, 728 So.2d 703, 705 (Ala.Crim.App.1998) (reversing order denying IFP status when certificate attached to IFP declaration showed $.29 in prisoner’s inmate trust account); Ex parte Ferrell, 819 So.2d 83 (Ala.Crim.App.2001) (finding that prisoner satisfied definition of indigency in Rule 6.3(a), Ala. R.Crim. P., when he had a balance of $.17 in his inmate trust account on the filing date, the maximum balance in the account in prior months was $40, and the filing fee was $140); and Ex parte Spence, 819 So.2d 106, 106 (Ala.Crim.App.2001)(ordering the trial court to allow the prisoner “to file his Rule 32 petition without the prepayment of a filing fee” when his inmate trust account had $2.06 on deposit at the time of filing).