Billy Thomas, an inmate incarcerated in the Limestone Correctional Facility in Capshaw, petitions for a writ of mandamus directing Judge James W. Woodroof to grant his request to proceed in forma pauperis on a petition seeking medical treatment. We grant the petition in part.
Thomas petitioned the Circuit Court of Limestone County, in December 1997, for medical treatment. He alleged that he was suffering from head pains, chest pains, irregular heartbeat, blurred vision, and dizziness. Thomas alleged that he had informed the medical staff at the prison of the problems, but that he had been given no relief. Thereafter, Thomas, attempting to proceed in forma pauperis, filed an "affidavit of substantial hardship" and requested that the circuit court order the Alabama Department of Corrections to have him transported to a medical center for a CAT scan or an MRI test to determine the cause of his problems and to see if a neurologist's consultation would be necessary. On January 6, 1998, the Limestone County Circuit Court, without inquiry, denied Thomas's request to proceed informa pauperis and dismissed his case for failure to state a claim upon which relief could be granted.
On January 27, 1998, Thomas again petitioned the circuit court for medical treatment and filed a second affidavit of substantial hardship. Judge Woodroof denied that petition, without inquiry, stating that "the court has no jurisdiction of this matter." On January 28, 1998, Thomas filed a notice of appeal with the clerk of the Court of Civil Appeals. Rather than return the notice of appeal for Thomas to file it with the Limestone Circuit Court, the Court of Civil Appeals transferred it to this Court. We decided to treat Thomas's improperly filed notice of appeal as a petition for the v, writ of mandamus. We ordered answers and briefs, limited to the issue whether the trial court had erred in denying Thomas in forma pauperis status.
We conclude that the Limestone Circuit Court erred when, without inquiry, it denied Thomas's request to proceed in formapauperis. Moreover, the circuit court erred in ruling on the merits of Thomas's petition for medical treatment after denying his request to proceed in forma pauperis. When the circuit court denied his request to proceed in forma pauperis, it lacked jurisdiction to rule on the merits of his petition. The petition for the writ of mandamus is, therefore, due to be granted in part.
The circuit court is directed to vacate its order denying Thomas's request to proceed in forma pauperis and to permit Thomas to proceed with his petition for medical treatment, without paying a docket fee. However, the circuit court may require the payment of a docket fee if Thomas is not in fact indigent.
WRIT GRANTED. *Page 1263 
MADDOX, SHORES, HOUSTON, COOK, and LYONS, JJ., concur.
HOOPER, C.J., dissents.