KENNEDY, Justice.
Donnie Lee Eckles seeks a writ of mandamus directing the Circuit Court of Colbert County to allow him to proceed as an indigent, with payment of fees and costs waived, on his petition to remove the administration of the Estate of Richard Leon Deaton, deceased, from the probate court to the circuit court. We deny the writ.
Eckles is currently incarcerated at the St. Clair Correctional Facility. He contends in his mandamus petition that on March 4, 1998, he petitioned the circuit court to remove the administration of the estate of Richard Leon Deaton (Eckles’s stepfather) from the Colbert Probate Court to the Colbert Circuit Court, and that along with his petition for removal he filed an “affidavit of substantial hardship.” The circuit court denied Eckles’s request for indigency status, on March 4, 1998. On April 2, 1998, Eckles petitioned the Court of Civil Appeals for a writ of mandamus, claiming that he is indigent and that he has no alternative means by which he can proceed in the circuit court in this matter without being found an indigent. On April 7, 1998, the Court of Civil Appeals, determining that it had no subject-matter jurisdiction, transferred the mandamus petition to this Court. This Court ordered an answer and briefs.
In response to our order, Circuit Judge Inge P. Johnson answered as follows:
“I have no recollection of Mr. Eckles’s affidavit of substantial hardship other than when it was filed on March 4, 1998. I do not believe it was sworn to.
“Deputy Circuit Clerk Paula White informs me that at that time, she made a copy of his affidavit and mailed it back to him with instructions. She kept the original. After approximately 1-1/2 months, when she had not heard back from Mr. Eckles, she mailed the original back to him.
“To the best of my recollection, in early May the same clerk presented me with a copy of his affidavit of substantial hardship, which I denied because it was a copy. The same clerk mailed that back to him.
“Until today, when I received the paperwork from your office, I have never seen ‘Declaration in support of Request to Proceed in Forma Pauperis,’ nor Mr. Eckles’s bank account with the Board of Corrections. The deputy clerk has informed me that those documents have never been filed in her office.”
Section 12-19-70, Ala.Code 1975, provides that “[tjhere shall be a consolidated civil filing fee, known as a docket fee, collected from a plaintiff at the time a complaint is filed in the circuit court or in [the] district court.” That section further provides:
“(b) The docket fee may be waived initially and taxed as costs at the conclusion of the case if the court finds that payment of the fee will constitute a substantial hardship. A verified statement of substantial hardship, signed by the plaintiff and approved by the court, shall be filed with the clerk of court.”
Eckles’s petition for the writ of mandamus includes a page entitled “Affidavit of Substantial Hardship”; that page was date-stamped by the clerk of the circuit court on March 4,1998. However, the “Declaration in support of Request to Proceed in Forma Pauperis,” a copy of which Eckles includes with his petition, is not stamped so as to indicate that it was filed with the circuit court; nor are the pages *597 showing Eckles’s bank account with the Board of Corrections, which pages also were included with the petition. Thus, Judge Johnson did not have before her a properly executed, or sufficiently supported, affidavit that would permit her to approve Eckles’s proceeding as an indigent.
Mandamus is an extraordinary remedy; it requires a showing that there is: “(1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court.” Ex parte Edgar, 543 So.2d 682, 684 (Ala.1989); Ex parte Alfab, Inc., 586 So.2d 889, 891 (Ala.1991); Ex parte Johnson, 638 So.2d 772, 773 (Ala.1994). Eckles has failed to prove a right to the order sought. The petition for the writ of mandamus is due to be denied.
WRIT DENIED.
HOOPER, C.J., and MADDOX, SEE, and BROWN, JJ., concur.