Vince Melton petitions this Court for a writ of mandamus directing the trial court to grant his request to proceed in forma pauperis on a Rule 32, Ala.R.Crim.P., petition for postconviction relief. The petition is denied.
Melton was convicted of attempted murder on October 27, 1987; on December 4, 1987, the trial court sentenced him to 20 years' imprisonment. The Court of Criminal Appeals affirmed Melton's conviction in an unpublished memorandum. Melton v. State, 531 So.2d 69
(Ala.Crim.App. 1988) (table). Melton subsequently filed two Rule 32 petitions — on June 11, 1997, and November 20, 2000 — that were denied by the trial court; those denials were affirmed by the Court of Criminal Appeals. Melton v. State, 725 So.2d 1090 (Ala.Crim.App. 1997) (table); Melton v. State, 821 So.2d 1045 (Ala.Crim.App. 2001) (table).
On October 15, 2001, Melton filed a third Rule 32 petition. Melton asserts in his petition for a writ of mandamus that his Rule 32 petition was "accompanied with an [sic] motion for order granting Leave to Proceed In Forma Pauperis supported with an [sic] Rule 32 (IFP) Declaration Form." Attached to Melton's petition for a writ of a mandamus is the first page of an in forma pauperis declaration. The declaration is stamped as "denied" by the trial court on November 15, 2001. Also appearing on the page is a "note" from Melton that states: "This is all that was forwarded to me by the Court to be used as Evidence." Melton filed a petition for a writ of mandamus with the Court of Criminal Appeals; that court denied the petition by an order issued on January 9, 2002, citing Ex parte Eckles, 736 So.2d 595 (Ala. 1999). On January 15, 2002, Melton filed a petition for a writ of mandamus in this Court. See Rule 21(e), Ala.R.App.P.
Melton argues that the trial court's denial of his request to proceed in forma pauperis is contrary to this Court's holding in Ex parte Hurth,764 So.2d 1272 (Ala. 2000). The standard of review applicable to a petition for a writ of mandamus is settled.
 "A writ of mandamus is an extraordinary remedy, and it will be `issued only when there is: 1) a clear legal right in *Page 821 
 the petitioner to the order sought; 2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; 3) the lack of another adequate remedy; and 4) properly invoked jurisdiction of the court.' Ex parte United Serv. Stations, Inc., 628 So.2d 501, 503 (Ala. 1993). A writ of mandamus will issue only in situations where other relief is unavailable or is inadequate, and it cannot be used as a substitute for appeal. Ex parte Drill Parts Serv. Co., 590 So.2d 252 (Ala. 1991)."
Ex parte Empire Fire Marine Ins. Co., 720 So.2d 893, 894 (Ala. 1998). Further, this Court has stated that "`[M]andamus, and not appeal, is the proper method by which to compel the circuit court to proceed on an in forma pauperis petition.'" Ex parte Beavers, 779 So.2d 1223, 1224 (Ala. 2000) (quoting Goldsmith v. State, 709 So.2d 1352, 1353 (Ala.Crim.App. 1997)).
Also attached to Melton's petition for a writ of mandamus is a copy of the Court of Criminal Appeals' order denying the petition for a writ of mandamus that he had filed with that court. Rule 21(a), Ala.R.App.P., states, in pertinent part:
 "The petition [for a writ of mandamus] shall contain a statement of the facts necessary to an understanding of the issues presented by the application; a statement of the issues presented and of the relief sought; a statement of the reasons why the writ should issue, with citations to the authorities and the statutes relied on; and copies of any order or opinion or parts of the record that would be essential to an understanding of the matters set forth in the petition."
(Emphasis added.) In its answer to Melton's petition, the State argues that Melton has failed to establish a clear legal right to the relief he seeks because he failed to attach supporting documents to his petition, i.e., a complete in forma pauperis declaration and a certificate executed by an authorized official that reflects his prison-account balance. SeeEx parte Empire Fire Marine Ins. Co., supra. In reply, Melton argues that this Court's holding in Ex parte Hurth, supra, is sufficient to establish that he has a clear legal right to the vacation of the trial court's denial of his request to proceed in forma pauperis.
In Ex parte Hurth, this Court observed:
 "The docket fee for the filing of a petition for post-conviction relief is $140.00. See Ala. Code 1975, § 12-19-71(3); Rule 32.6(a), Ala.R.Crim.P. `To impose any financial consideration between an indigent prisoner and the exercise of his right to sue for his liberty is to deny that prisoner equal protection of the laws.' Hoppins v. State, 451 So.2d 363, 364 (Ala.Crim.App. 1982) (citing Smith v. Bennett, 365 U.S. 708, 81 S.Ct. 895, 6 L.Ed.2d 39 (1961)). `While habeas corpus may, of course, be found to be a civil action for procedural purposes, it does not follow that its availability in testing the State's right to detain an indigent prisoner may be subject to the payment of a filing fee.' Smith, 365 U.S. at 712, 81 S.Ct. 895. (Citation omitted.) `[I]n order to prevent "effectively foreclosed access" [to the courts], indigent prisoners must be allowed to file appeals and habeas corpus petitions without payment of docket fees.' Bounds v. Smith, 430 U.S. 817, 822, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977)."
764 So.2d at 1274.
However, after a review of Hurth and other cases that have relied on it, we note that in those cases it was necessary for either this Court or the Court of Criminal Appeals to determine that the petitioner was indeed indigent before issuing the writ of mandamus to the trial court. See Exparte Dozier, 827 So.2d 774 (Ala. 2002); Ex parte Pritchett, 832 So.2d 100
(Ala.Crim.App. 2002); Ex parte Ferrell, *Page 822 819 So.2d 83 (Ala.Crim.App. 2001). Therefore, it is necessary that this Court be presented with some documentation showing the petitioner's prison-account balance, certified by the appropriate prison official. No such documentation is attached to Melton's petition. He has therefore failed to show that the trial court abused its discretion in denying his in forma pauperis request or that he has a clear legal right to the relief he seeks. Ex parte Empire Fire Marine Ins. Co., supra. Accordingly, the petition for writ of mandamus is due to be denied.
PETITION DENIED.
Moore, C.J., and Houston, See, Lyons, Brown, Johnstone, Woodall, and Stuart, JJ., concur.