PER CURIAM.
The petitioner, Dan Amerson, Jr., filed this petition for a writ of mandamus directing Judge Gloria Bahakel to make specific findings as to why she denied his request for informa pauperis status when he filed his postconviction petition. Amer-son filed a postconviction petition attacking his 1995 convictions for robbery and burglary and a request to proceed in forma pauperis. In September 2002, Judge Ba-hakel denied his request. This petition followed.
Amerson argues in his mandamus petition that we should direct the circuit court to make specific findings as to why it denied indigency status.' He cites our holding in Lucas v. State, 597 So.2d 759 (Ala.Crim.App.1992). The State, also citing Lucas, makes the same request. See also Rule 24(a), Ala.R.App.P.. (when it denies a request for indigency status, for purposes of appellate review, the trial court should set out its reasons).
The exhibits filed with the mandamus petition reflect that Judge Bahakel stated the following when she denied Amerson’s request for indigency status:
“Petitioner’s in forma pauperis declaration was received and reviewed by the Court this date. Petitioner’s request to be granted indigency status for the purpose of filing a petition for writ of habe-as corpus is denied. The Clerk is directed to forward a copy of this CAS [case action summary] to petitioner.”
The statement of Amerson’s prison account shows that at the time that he filed the petition in the circuit court he had approximately $21 in his account. It also appears that Amerson’s request to proceed in forma pauperis complied with the requirements set out in Rule 32.6(a), Ala. R.Crim.P. Rule 32.6(a), states, in part:
“If the petitioner desires to prosecute the petition in forma pauperis, he or she *1002 shall file the In Forma Pauperis Declaration’ at the end of the form. In all such cases, the petition shall also be accompanied by a certificate of the warden or other appropriate officer of the institution in which the petitioner is confined, stating the amount of money or securities on deposit to the petitioner’s credit in any account in the institution for the previous twelve (12) months, which certificate may be considered by the court in acting upon the petitioner’s application for leave to proceed in forma pauperis.”
The State also concedes that Amerson s request complied with this Rule.
For the reasons stated above, this petition is due to be, and is hereby, granted. The trial court is directed to state its reasons for denying Amerson in forma pauperis status. If the trial court has no reason for denying Amerson indigency status, then the trial court is authorized to grant Amerson’s in forma pauperis request. We cite the court to our holding in Ex parte Pritchett, 832 So.2d 100 (Ala.Crim.App.2002), where we stated that the trial court should rule on the in forma pauperis request based solely on the individual’s ability to pay the filing fee.[1]
PETITION GRANTED.
McMILLAN, P.J„ and COBB, BASCHAB, SHAW, and WISE, JJ., concur.

. The docket fee for filing a postconviction petition is contained in § 12-19-71(b), Ala. Code 1975. On October 1, 2000, the docket fee was increased to $145.