PER CURIAM.
The petitioner, Stanley Frieson Washington, an inmate at Holman Correctional Facility in Atmore, filed this petition for a writ of mandamus requesting that we direct Judge Alfred Bahakel to grant his request to proceed in forma pauperis without prepaying the filing fee on his postcon-viction petition filed pursuant to Rule 32, Ala.R.Crim.P. On October 11, 2002, Washington filed a Rule 32 petition in the Jefferson Circuit Court.[1] The petition was accompanied by an affidavit of substantial hardship containing a request to waive the filing fee and to proceed in forma pauperis. Judge Bahakel denied the request to proceed in forma pauperis; this petition followed.
Washington argues that the trial court erred in denying his request to proceed in forma pauperis without considering his ability to pay the fifing fee.[2]
The State has responded that we should deny this petition for a writ of mandamus because Washington failed to satisfy the requirements of Rule 21(a), Ala.R.App.P.; specifically, the State contends that Washington failed to furnish this Court with a copy of the in forma pauperis declaration filed in the circuit court or with a certificate of the warden or a correctional officer of Holman Correctional Facility showing *1139 the amount of money in Washington’s inmate account during the 12 months preceding the filing of his Rule 32 petition. The State cites Ex parte Melton, 837 So.2d 819 (Ala.2002), in support of its contention.
Effective August 1, 2002, Rule 32.6(a), Ala.R.Crim.P., was amended to state, in part:
“If the petitioner desires to prosecute the petition in forma pauperis, he or she shall file the ‘In Forma Pauperis Declaration’ at the end of the form. In all such cases, the petition shall also be accompanied by a certificate of the warden or other appropriate officer of the institution in which the petitioner is confined, stating the amount of money or securities on deposit to the petitioner’s credit in any account in the institution for the previous twelve (12) months, which certificate may be considered by the court in acting upon the petitioner’s application for leave to proceed in forma pauperis.”
(Emphasis added.) The emphasized portion quoted above was added to this rule by the August 1, 2002, amendment.
We agree with the State; this case is governed by the Supreme Court’s decision in Melton. In Melton, the petitioner filed a petition for a writ of mandamus after the circuit court denied his request to proceed in forma pauperis when filing his Rule 32 petition. The Supreme Court, denying relief, stated:
“[I]t is necessary that this Court be presented with some documentation showing the petitioner’s prison-account balance, certified by the appropriate prison official. No such documentation is attached to Melton’s petition. He has therefore failed to show that the trial court abused its discretion in denying his in forma pauperis request or that he has a clear legal right to the relief he seeks.”
Melton, 837 So.2d at 822.
Washington has not provided this Court with a certificate of the warden or a prison official of Holman Correctional Facility showing the balance of his inmate account for the 12 months preceding the filing of his Rule 32 petition. Washington has failed to meet his burden of establishing the prerequisites necessary for the issuance of a writ of mandamus.
This petition is due to be, and is hereby, denied.
PETITION DENIED.
McMILLAN, P.J., and COBB, BASCHAB, SHAW, and WISE, JJ., concur.

. Apparently this case was never assigned a number in the circuit court because the circuit court denied Stanley Frieson Washington's request to proceed in forma pauperis and to waive the filing fee.

. The circuit court did not state a reason for denying Washington’s in forma pauperis request.