MOORE, Judge,
concurring specially.
Tanya Harris timely appeals from a judgment entered on May 30, 2008.[1] In *629 that judgment, the Tuscaloosa Circuit Court (“the circuit court”) found, among other things, that Harris had “voluntarily surrendered and abandoned” the apartment she had been leasing from the Tuscaloosa Housing Authority (“THA”). Based on that finding, the circuit court denied Harris’s request for a preliminary injunction requiring THA to restore to her full possession and control of the apartment and to restrain THA from taking any retaliatory or other action to intimidate, harass, or threaten her. The circuit court further issued a writ of possession to THA.
On appeal, Harris initially argues that the circuit court violated her due-process rights by transforming the preliminary-injunction hearing into a trial on the merits. Rule 65(a)(2), Ala. R. Civ. P., specifically grants trial courts the power to consolidate a trial on the merits with an injunction hearing; however, pursuant to our caselaw, the trial court must afford the parties notice of its intent to combine the proceedings so that the parties have ample “ ‘opportunity to object, or to suggest special procedures.’ ” See Martin v. Patterson, 975 So.2d 984, 991 (Ala.Civ.App.2007) (quoting Pughsley v. 3750 Lake Shore Drive Coop. Bldg., 463 F.2d 1055, 1057 (7th Cir.1972)). Failure by a trial court to provide such notice is error, but the error will justify a reversal of the judgment only if the complaining party can demonstrate that the lack of notice has prejudiced his or her case. See Martin, 975 So.2d at 991-92.
In issuing a no-opinion order of affir-mance, the majority of the court implicitly holds either that the circuit court did not conduct a trial on the merits or that Harris has failed to show prejudice. In its May 30, 2008, judgment, the circuit court ruled that Harris had surrendered and abandoned the lease and that THA had subsequently “lawfully re-entered and took possession of the premises” to which it was entitled. The judgment does not adjudicate all Harris’s claims, but it does, at a minimum, effectively adjudicate Harris’s claims asserted in counts one, two, four, five, and six of her complaint, which allege that THA breached the lease, that she had been wrongfully evicted, ousted, and excluded from the premises, and that THA had trespassed when its employees entered the premises to change the locks. Therefore, at a minimum, the circuit court held a trial on the merits of several of Harris’s claims, and the parties should have been given notice of the circuit court’s intent to do so.
However, Harris failed to show prejudice. Harris filed a postjudgment motion to alter, amend, or vacate the May 30, 2008, judgment, but she did not present any argument as to how she had been prejudiced by the transformation of the injunction hearing into a trial on the merits. In her brief on appeal, Harris has also failed to show prejudice by indicating what additional evidence she could have presented that would have bolstered her case. The record reveals that the circuit court based its factual findings entirely on Harris’s testimony. Under those circumstances, “ ‘it is clear that consolidation did not detrimentally affect [Harris].’ ” Martin, 975 So.2d at 991-92 (quoting 11A Charles A. Wright et al., Federal Practice and Procedure: Civil § 2950 (2d ed.1995)). Hence, I agree that the judgment should not be reversed on the basis that the cir *630 cuit court Consolidated the injunction hearing with a trial on the merits of some of Harris’s claims.
Harris also argues that the judgment should be reversed because, as a matter of law, she did not abandon the premises. See Bowdoin Square, LLC v. Winn-Dixie Montgomery, Inc., 873 So.2d 1091, 1100 (Ala.2003) (holding that “abandonment” requires that tenant vacate the leased premises). I note, however, that the circuit court found both that Harris had abandoned the premises and that she had surrendered the lease. Harris makes no argument in her initial brief that the circuit court erred in finding that she had surrendered the lease. Because the judgment of the circuit court would be justified under either theory, I see no need to address the merits of Harris’s abandonment argument. See Kellis v. Estate of Schnatz, 983 So.2d 408, 412-13 (Ala.Civ.App.2007) (holding that when trial court found two alternate, independent, and sufficient grounds for voiding real-estate contract, this court would not review alleged error regarding first ground when trial court’s judgment could be affirmed on second ground, which appellant did not address). Therefore, I concur in the decision not to reverse the judgment of the circuit court on the basis that the circuit court erred in finding that Harris had abandoned the premises.
Harris next argues that the circuit court exceeded its authority by granting THA a writ of possession and essentially evicting her from the leased premises. Harris basically argues that THA never filed a counterclaim seeking a writ of possession and that a circuit court has no jurisdiction to issue a writ of possession evicting a tenant from leased premises. It appears that, in fact, THA never filed any pleading requesting a writ of possession of the leased premises. However, at the trial of the case, THA, through its cross-examination of Harris, presented evidence indicating that Harris had breached the lease in October 2007 and that THA had mutually agreed with Harris in December 2007 that she would surrender the lease in exchange for THA’s agreement to forgo an eviction action. THA argued at the close of the evidence that Harris had, in fact, surrendered the lease in accordance with that agreement and that THA, therefore, was entitled to exclusive possession of the leased premises without hairing to file an eviction action. “When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings.” Rule 15(b), Ala. R. Civ. P. Hence, the request for a writ of possession may be implied from the evidence.
Harris argues that, because a landlord may recover possession of leased premises following termination of the lease only -via an unlawful-detainer action, only a district court could have issued the writ of possession that the circuit court purported to issue. See Darby v. Schley, 8 So.3d 1011, 1013 (Ala.Civ.App.2008) (“By statute, original jurisdiction over unlawful-detainer actions lies in the district courts. § 6-6-350, Ala.Code 1975.... A circuit court may not exercise jurisdiction over an unlawful-detainer action until the district court has adjudicated the unlawful-detainer action and one of the parties has appealed to the circuit court.”). Harris is incorrect. Pursuant to Ala.Code 1975, § 35-9A-427, “[a] landlord may not recover or take possession of the dwelling unit by action or otherwise ..., except in case of abandonment, surrender, or as permitted in this chapter.” Hence, in cases of a surrender of leased premises covered by the Uniform Landlord and Tenant Act, Ala.Code 1975, § 35-9A-101 et seq., the landlord does not have to file an unlawful-detainer action in order to recover possession of the premis *631 es. Because the circuit court did not preside over an unlawful-detainer action, I concur that Harris’s jurisdictional argument lacks merit.
BRYAN, J., concurs.

. Harris also attempts to appeal from two earlier orders denying her request for a waiver of the fee for making a jury demand based on her alleged indigent status. However, those orders can be reviewed by this court only by a petition for the writ of mandamus. See Ex parte Melton, 837 So.2d 819, 821 (Ala.2002); accord Goldsmith v. State, 709 So.2d 1352, 1353 (Ala.Crim.App.1997). This court has discretion to treat an appeal as a petition for the writ of mandamus. See Fowler v. Merkle, 564 So.2d 960, 961 (Ala.Civ.App.1989). However, pursuant to Rule 21(a), Ala. R.App. P., a petition for the writ of mandamus must be filed within a reasonable time, and the filing of a "motion for reconsideration” of an interlocutory order does not toll the period for filing a petition for the writ of mandamus. See Ex parte Fiber Transport, L.L.C., 902 So.2d 98 (Ala.Civ.App.2004). The circuit court entered the original order denying the waiver request on April 25, 2008, and it denied a motion to reconsider that order on May 13, 2008. Harris did not file her appeal until June 18, 2008, outside the presumptively reasonable time for filing a petition for the writ of mandamus, see Rule 21(a)(3), Ala. R.App. P. (“The presumptively reasonable time for filing a petition seeking review of an order of a trial court ... shall be the same as *629 the time for taking an appeal.”), and she did not state any reasons in her brief to this court that would allow this court to excuse her delay in filing. Thus, I concur in this court's treatment of Harris’s appeal solely as an appeal from the circuit court's May 30, 2008, judgment and in the implicit holding that this court cannot consider the issue whether the circuit court exceeded its discretion in failing to waive the jury-demand fee.