PER CURIAM.
W.B.S. appeals from the circuit court’s denial of his Rule 32, Ala. R.Crim. P., petition.
On August 17, 2011, the Etowah Juvenile Court adjudicated W.B.S. a delinquent based on its finding beyond a reasonable doubt that W.B.S. was guilty of three counts of first-degree sexual abuse (a Class C felony) and one count of first-degree sodomy (a Class A felony). See §§ 13A-6-66(a)(l) and 13A-6-63(a)(l), Ala. Code 1975. As disposition, W.B.S. was committed for an indefinite amount of time to the Alabama Department of Youth Services Sexual Offender Program, and he must register as a sex offender for the rest of his life. W.B.S.’s direct appeal was affirmed by unpublished memorandum. W.B.S. v. State (No. CR-10-1806), 130 So.3d 587 (Ala.Crim.App.2012) (table). This Court’s memorandum on direct , appeal states that W.B.S. was no older than 15 years old when the offenses took place.[1] When affirming W.B.S.’s direct appeal, this Court noted that it appeared W.B.S. may have a valid ineffective-assistance-of-counsel claim that could be pursued in a Rule 32 postconviction petition.[2]
Ori December 21, 2012, W.B.S. filed a Rule 32 petition in the Etowah 'County Juvenile Court; claiming that he received ineffective assistance of counsel at his juvenile court delinquency proceedings. The juvenile ■ court dismissed the petition because it reasoned that Rule 32 provides postconviction review for only criminal convictions, and an adjudication of delinquency ‘ is not' a criminal conviction. W.B.S.' appealed. On August 21, 2013; this Court, having determined that the appellate record was not properly certified, transferred the cause by order to the Eto-wah Circuit Court for de novo proceedings.[3] See Rules 28(A)(1)(b) and 28(B), Ala. R. Juv. P.[4]
Upon receipt of the case, the Etowah .Circuit Court determined that the threshold question was: “Do the provisions of Rule 32, [Ala. R.Crim. P.],- apply in juvenile cases?” (C. 3.) The circuit court instructed the parties to file legal memorandums addressing this question. W.B.S., however, also filed what he styled as a “Motion for Relief From Judgment Under Rule 60(b), [Ala. R. Civ. P.].” In that motion, W.B.S. argued that, if Rule 32, Ala. R.Crim. P., does not apply to juvenile proceedings, he should be able to obtain relief under Rule 60(b), Ala. R. Civ. P. The circuit court, however, concluded that neither Rule 32, nor Rule 60(b) was applicable *419 to juvenile-delinquency proceedings. W.B.S. appealed.
W.B.S. contends on appeal'that the circuit court erred in dismissing both his Rule 60(b) motion and his Rule 32 petition. He argues that he should be allowed to seek relief under one of the above procedures.
I.
With regard to W.B.S.’s claim that Rule 60(b) provides a possible mechanism by which a juvenile who has been adjudicated delinquent may challenge the effectiveness of his or her counsel, that claim is without merit. Although he argues in his brief on appeal that he should be allowed to seek relief under Rule 60(b), W.B.S; correctly recognizes that juvenile-delinquency proceedings are “quasi-criminal in nature.” (W.B.S.’s brief, p. 10). See also Driskill v. State, 376 So.2d 678, 679 (Ala.1979) (recognizing “the quasi-criminal nature of delinquency proceedings”). Because juvenile-delinquency proceedings are “quasi-criminal in nature,” the Alabama Rules of Civil Procedure are not applicable to those proceedings, see Rule 1(a), Ala. R. Juv. P., and Rule 60(b) cannot be the mechanism by which W.B.S. — or any other juvenile who has been adjudicated delinquent — can challenge trial counsel’s effectiveness.
II.
W.B.S.’s claim that Rule 32,- Ala; R.Crim. P., provides a possible mechanism by which a juvenile who has. been adjudicated delinquent may challenge his or her counsel’s effectiveness is an issue of first impression.
The question before this Court is a purely legal one; accordingly, this Court applies a de novo standard of review. Acra v. State, 105 So.3d 460, 464 (Ala. Crim.App.2012).
To resolve this question this Court must determine whether the scope of Rule 32, which is set forth in Rule 32.1, Ala. R.Crim. P., allows, juveniles who have been adjudicated delinquent to file a Rule 32 petition in a juvenile- court collaterally attacking a delinquency adjudication., “In determining the meaning of a statute or a court rule, this Court looks first to the plain meaning of the words as they are written ” Ex parte Ward, 957 So.2d 449, 452 (Ala.2006).
The language used in Rule 32.1 is plain and expressly extends “postconviction” relief to only a “defendant who has been convicted of a criminal offense.” (Emphasis added.) To conclude that Rule 32 applies to, juvenile adjudications, this Court must hold that the phrase “defendant who has been, convicted of a criminal offense,” includes both juveniles — who are certainly not classified as “defendants” — and. delinquency adjudications — which are not criminal convictions, see § 12-15-220(a), Ala.Code 1975.
“Only the. Alabama .Supreme Court has the authority to promulgate rules and regulate the procedures applicable to criminal proceedings. § 12-2-7(4), Ala.Code 1975; Ala. Const. 1901, § 150, The Alabama Supreme Court in Marshall v. State, 884 So.2d 900 (Ala.2003), noted that it has the authority to amend the rules of procedure and stated:
“‘The Court of Criminal Appeals claimed in Brooks [v. State, 892 So.2d 969 (Ala.Crim.App.2002),] that it had “created a narrow .exception to the 42-day rule- [in Rule 4(b)(1), Ala. R.App. P.,] in Fountain v. State, 842 So.2d 719 (Ala.Crim.App.2000)....” Brooks, 892 So.2d at 971. The Court of Criminal Appeals may not, however, amend the rules of procedure.’
“884 So.2d at 905 n. 5 (second emphasis added). See also Dutell v. State, 596 *420 So.2d 624, 625 (Ala.Crim.App.1991) (stating that, in construing the Alabama Rules of Criminal Procedure promulgated by the Alabama Supreme Court, ‘this court will attempt to ascertain and to effectuate the intent of the Alabama Supreme Court as set out in' the rule’ and citing Shelton v. Wright, 439 So.2d 55 (Ala.1983)). As an intermediate appellate court, this Court may interpret and apply the existing rules of procedure, but it may not reunite them.”
Ankrom v. State, 152 So.3d 373, 391-92 (Ala.Crim.App.2011) (Welch, J., dissenting) (some emphasis added).
Thus, the plain language of Rule 32.1, Alá. R.Crim. P., does not include juveniles who have been adjudicated delinquent. However, as noted in the dissent “other options exist through which W.B.S. could seek relief.” 192 So.3d at 426 (Burke, J., dissenting). For example, nothing precludes a juvenile from challenging counsel’s effectiveness in a motion for a new trial, on direct appeal, or by filing a common-law writ. Here, because W.B.S. has lost the opportunity to file a motion for a new trial challenging his counsel’s effectiveness, see Rule 1(B), Ala. R. Juv. P., and his adjudications have been affirmed on direct appeal, W.B.S.’s only avenue for challenging his counsel’s effectiveness would be through the filing of a common-law writ. Although Rule 32 “displaces all post-trial remedies except post-trial motions under Rule 24[, Ala. R.Crim. P.,] and appeal” and “[a]ny other post-conviction petition seeking relief from a conviction or sentence shall be treated as a proceeding under [Rule 32],” see Rule 32.4, Ala. R.Crim. P., Rule 32 only “displaces” such postconviction remedies for “defendants who ha[ve] been convicted of a criminal offense.” In other words, if a juvenile who has been adjudicated delinquent is not permitted to proceed under Rule 32, Ala. R.Crim. P., no common law “postconviction” remedies are “displaced.” Thus, Rule 32 does not prohibit W.B.S. from filing a common-law writ challenging his adjudication.[5]
Nevertheless, as noted by the1 dissent a “well-defined procedure would be preferable to using common law writs to bring such claims.” 192 So.3d at 426 (Burke, J., dissenting). Thus, the Alabama Supreme Court is urged to amend either the Alabama Rules of Juvenile Procedure or the Alabama Rules of Criminal Procedure to provide juvenile delinquents a mechanism for postadjudication relief.
As set out above, W.B.S. challenges the circuit court’s decision finding that Rule 32 does not apply to a juvenile who has been adjudicated delinquent. Based on the plain language of Rule 32.1 this Court cannot find that the circuit court incorrectly determined that Rule 32 does not apply to juveniles who have been adjudicated delinquent. Thus, this Court concludes that the circuit court correctly determined that Rule 32 does not apply, to W.B.S.’s juvenile delinquency adjudication.
Therefore, the judgement of the circuit court is affirmed.[6]
AFFIRMED.
*421 WINDOM, P.J., and WELCH, J., concur.
JOINER, J., concurs specially, with opinion.
KELLUM, J., concurs in the result.
BURKE, J., dissents, with opinion.

. W.B.S. asserts in his Rule 32 petition that he was 13 or 14 years old when'the alleged offenses took place. See Supplemental Record at C, 6.

. The petition reflects that W.B.S.,was represented by the same counsel at trial arid sentencing; he had different counsel on direct appeal. This Court's unpublished memorandum on direct appeal states that trial counsel did not file any postjudgment motions (i.e., raising ineffective assistance of counsel); thus, a Rule 32 petition would be the first ‘opportunity W.B:S. had to raise an ineffective-assistance-of-trial-counsel claim.

. Alabama Court of Criminal Appeals case no, CR-12-1336, issued on August 21, 2013.

, Rule 28(A)(1)(b), Ala. R. Juv. P., states that an appeal will be from the juvenile court if, among other conditions, "[t]he parties stipulate that only questions of law are. involved and the juvenile court certifies those questions. .., ” Rule 28(B), Ala, R. Juv. P„ states in part: "Appeals from final orders or judgments in all other cases, including those cases in which there is not an adequate record as provided in subsection (A) of this rule, shall ; be to the circuit court for trial de novo.”

. It would be beyond illogical to conclude that Rule 32 does not apply to juveniles and yet also to conclude that Rule 32 operates to preclude that same juvenile from taking action other than a Rule 32 petition.

. Affirming the circuit court's judgment would not preclude W.B.S. from pursuing the postadjudication remedies discussed above. In fact, affirming the circuit court’s decision and requiring W.B.S. to file a common law-writ in the juvenile court places this case in the court best suited to address W.B.S.’s claim — the Etowah Juvenile Court,