PER CURIAM.
The District Attorney for the 15th Judicial Circuit filed this petition for a writ of mandamus requesting that this Court direct Montgomery District Judge W. Troy Massey and Johnny Hardwick, Presiding Judge of the Montgomery Circuit Court, to rescind their orders effectively granting Kentory Dashawn Brown's discovery request.[1] We deny the petition.
On or about March 24, 2015, Brown was charged with third-degree burglary and second-degree theft of property. On March 25, 2015, Brown filed in the district court a motion requesting the appointment of an attorney, a preliminary hearing, and a bond hearing. On April 13, 2015, Brown moved for the State to turn over all discovery permitted by Rule 16.1, Ala. R. Crim. P. The motion was granted the same day.
On April 17, 2015, the case was called for a preliminary hearing in the district court. Brown moved for a continuance, citing as the reason that the State had failed to provide the requested discovery. The district court continued the case until May 1, 2015. On May 1, 2015, before the preliminary hearing, Brown again requested the discovery. In refusing to produce the requested discovery, the State argued 1) that the case was under active investigation and that nothing had been turned over to the district attorney's office by the Montgomery Police Department, 2) that the demand for discovery was premature because no indictment had been issued, and 3) that the district court had limited jurisdiction in felony criminal cases and, not being the trial court, could not order discovery. The preliminary hearing went forward. Probable cause was found, and both cases were bound over to the Montgomery County grand jury.
On May 4, 2015, the district court ordered the State to turn over discovery within seven days of the date of its order. On May 7, 2015, the State filed a motion to reconsider and a motion for stay.
On May 11, 2015, the State filed a petition for a writ of mandamus with the presiding judge for the Montgomery Circuit Court, requesting that the circuit court determine that the district court had exceeded its authority in ordering the State to produce discovery and order the district court to rescind its order requiring the State to produce discovery. On May 13, *685 2015, the circuit court denied the State's petition and ordered that the discovery be turned over when available.
On May 19, 2015, the State filed with this Court a petition for a writ of mandamus and a motion to stay the proceedings. On May 20, 2015, this Court stayed the proceedings below.
The State argues that the district court exceeded its authority when it ordered the State to produce the requested discovery. The State contends that, in a non-capital case, the district court has authority only to accept a guilty plea and to hold preliminary hearings. The State further argues that there is no trial for which to prepare unless and until a grand jury issues an indictment, State ex rel. Baxley v. Strawbridge, 52 Ala.App. 685, 296 So.2d 779, 781 (1974) (holding that except on a plea of guilty, all prosecutions for a felony, except those under military law, must begin with an indictment), which had not yet happened when the district court issued its discovery order. The State also contends that discovery before the issuance of an indictment may impede active investigations by the police or other agencies. To support its argument, the State points to § 12-21-3.1(d), Ala. Code 1975, for the proposition that "[d]iscovery orders prior to the disposition of the criminal matter under investigation are not favored and should be granted only upon a showing that the party seeking discovery has substantial need of the materials and is unable, without substantial hardship, to obtain the substantial equivalent by other means." This Code section, however, relates to the subpoena of law-enforcement officers and investigative reports.
The State relies on a capital case, Drinkard v. State, 777 So.2d 225, 257 (Ala. Crim. App. 1998), rev'd in part on other grounds, 777 So.2d 295, 296 (Ala. 2000) (opinion on application for rehearing), for the proposition that a district court does not have the authority to function as the trial court. Brown argues that the State's reliance on Drinkard is misplaced. Drinkard involves a capital-murder case in which Drinkard filed a motion in the district court requesting a preliminary hearing and permission to examine the crime scene. The district court granted the motion for a preliminary hearing but denied the motion to examine the crime scene because that it lacked subject-matter jurisdiction over the motion. Drinkard filed a motion in limine in the circuit court to exclude the State from introducing any evidence obtained from the crime scene and to preclude any State witnesses from testifying about the evidence found at the victim's residence because Drinkard was unable to test, view, or identify items located at the crime scene. The circuit court denied Drinkard's motion in limine. On appeal of that issue, this Court held that the district court did not have jurisdiction to rule on Drinkard's motion to view the crime scene because the circuit court has exclusive jurisdiction of all felony prosecutions punishable by the sentence of death, citing § 12-12-32, Ala. Code 1975, and Rule 2.2(a), Ala. R. Crim. P. Drinkard, 777 So.2d at 257.
Brown argues that the Alabama Rules of Criminal Procedure support discovery in preliminary hearings conducted in district court. Brown argues that the rule and the statute should be construed to allow discovery pursuant to the plain meaning rule of construction, citing Ex parte Ward, 957 So.2d 449, 452 (Ala. 2006). Brown points out that Rule 2.2(a), Ala. R. Crim. P., based on § 12-12-32(b), Ala. Code 1975, gives the district court and the circuit court concurrent jurisdiction to accept guilty pleas and to impose sentences and to hold preliminary hearings over all felony cases except capital cases. Thus, according to Brown, the rule impliedly vests a district court with the authority to perform *686 functions in felony trials that are not capital cases. Brown contends that, in felony cases before a district court, defense counsel would require access to pretrial discovery in order to know whether a guilty plea or a plea to a lesser charge would be the best resolution for the defendant. Proceeding to a guilty plea without discovery, Brown argues, would constitute malpractice in most cases.
Brown points out that the State does not identify any clear authority that forbids discovery in a non-capital felony case pending in the district court. The State cites Smith v. State, 112 So.3d 1108, 1135 (Ala. Crim. App. 2012) (a case in which the petitioner sought postconviction relief following a capital-murder conviction and death sentence), for the general proposition that discovery matters are within the sound discretion of the trial court, i.e., the circuit court. Brown does not disagree with that proposition but points out that the structure of Rule 2.2 clearly permits a district court to function as a supporting court in the administration of justice where it is so designated by its judicial circuit. And, Brown argues, under the plain-meaning rule, a district court may perform all non-trial functions in non-capital felony cases pursuant to Rule 2.2(a). See Ex parte Ward, 957 So.2d at 452 ("In determining the meaning of a statute or court rule, this Court looks first to the plain meaning of the words as they are written.").
Brown notes that the Committee Comments to Rule 5.1, Ala. R. Crim. P., discuss the history of preliminary hearings and how the process developed so that a defendant would not languish in jail on an unjustifiable complaint. The Comments state that, if the district attorney decides to put on more than the bare minimum hearsay presentation of proof, the preliminary hearing may also serve the function of providing discovery for the defendant. The Comments also state that, where an indictment is returned before the preliminary hearing, thus denying the defendant a right to discovery via the preliminary hearing, there are rules that provide the defendant with formal methods of discovery designed to eliminate trial "by ambush." Brown points out that whether the State will put on more than the "bare minimum hearsay" is unknowable to defense counsel prior to the moment the testimony is presented. Brown contends that because the Comments clearly envision discovery in a preliminary hearing, the district court should be able to manage the proceedings before it and to compel discovery.
Brown contends that Rule 16, Ala. R. Crim. P., "Discovery," is relevant to the issue before this Court in that nothing in Rule 16 limits its applicability only to circuit courts. Brown argues that the various sections of Rule 16 that address discovery by the defendant, discovery by the State, a continuing duty to disclose, protective orders, relief for noncompliance, and depositions do not limit the applicability of Rule 16 to circuit courts. Further, Brown points out language in the Committee Comments to Rule 16.1 approving the trend toward greater discovery for the accused. Brown also points to Coleman v. Alabama, 399 U.S. 1, 90 S.Ct. 1999, 26 L.Ed.2d 387 (1970), in which the Supreme Court of the United States held: "The inability of the indigent accused on his own to realize these advantages of a lawyer's assistance compels the conclusion that the Alabama preliminary hearing is a 'critical stage' of the State's criminal process at which the accused is 'as much entitled to such aid (of counsel) ... as at the trial itself.' Powell v. Alabama, 287 U.S. [45,] 57, 53 S.Ct. [55,] 60 [77 L.Ed. 158 (1923) ]." 399 U.S. at 9-10, 90 S.Ct. 1999. In order for the assistance of counsel at the preliminary hearing to be meaningful, argues Brown, discovery *687 must be permitted at the preliminary hearing.
Lastly, Brown asserts that this Court should deny the petition based upon the goal of uniformity in the implementation of the Alabama Rules of Criminal Procedure and the fact that, in numerous judicial circuits in Alabama, pre-indictment discovery is routinely provided to defense counsel.
This Court has held: " 'In determining the meaning of a statute or a court rule, this Court looks first to the plain meaning of the words as they are written.' Ex parte Ward, 957 So.2d 449, 452 (Ala. 2006)." W.B.S. v. State, 192 So.3d 417, 419 (Ala. Crim. App. 2015). " 'As an intermediate appellate court, this Court may interpret and apply the existing rules of procedure, but it may not rewrite them.' Ankrom v. State, 152 So.3d 373, 391-92 (Ala. Crim. App. 2011) (Welch, J., dissenting)." 192 So.3d at 420 (emphasis omitted). In Alabama, district courts and circuit courts exercise concurrent jurisdiction to receive guilty pleas in prosecutions of offenses defined by law as felonies not punishable by a sentence of death. Further, district courts and circuit courts have jurisdiction to hold preliminary hearings in prosecutions of felonies not punishable by a sentence of death. See § 12-12-32(b), Ala. Code 1975, and Rule 2.2(a), Ala. R. Crim. P. Nothing in the plain language of § 12-12-32(b) or Rule 2.2(a), Ala. R. Crim. P., bars discovery by Brown. There is a section in Rule 16.1 that bars discovery of certain types of matters, i.e., internal State documents made by the prosecutor or by law-enforcement agents in connection with the investigation or prosecution of the case or statements made by State witnesses or prospective State witnesses. See Rule 16.1(e), Ala. R. Crim. P. Here, the circuit court's order granting discovery does not allow the discovery of such material.
Although the State attempts to argue that district courts are limited solely to receiving pleas of guilty in felony cases and to holding preliminary hearings in prosecutions for felonies not involving a sentence of death, to so strictly limit the scope of the district court's jurisdiction in conducting such matters flies in the face of the district court's authority to function as a court whose jurisdiction is concurrent with the circuit court. Both courts, for example, may appoint counsel and may determine indigency of the defendant. See Rules 6.1 and 6.3, Ala. R. Crim. P.
It is well established that " '[d]iscovery matters are within the sound discretion of the trial judge. ... The court's judgment on these matters will not be reversed absent a clear abuse of discretion and proof of prejudice resulting from the abuse.' " Smith v. State, 112 So.3d 1108, 1136 (Ala. Crim. App. 2012) (quoting Belisle v. State, 11 So.3d 256, 277 (Ala. Crim. App. 2007) ). Although there is no authority for discovery in the preliminary hearing stage, Rowland v. State, 460 So.2d 282, 284 (Ala. Crim. App. 1984), there is also no prohibition. The material that the district court and the circuit court ordered produced is permitted by Rule 16.1. It is well established that " '[a] writ of mandamus will issue to compel the exercise of a trial court's discretion, but it will not issue to control or to review a court's exercise of its discretion unless an abuse of discretion is shown.' " Ex parte Alfa Mut. Ins. Co., 212 So.3d 915, 918 (Ala. 2016) (quoting Ex parte Yarbrough, 788 So.2d 128, 132 (Ala. 2000) ).
Based on the above considerations, there was no abuse of discretion by the district court in its May 4, 2015, discovery order or by the circuit court in its May 13, 2015, discovery order. Although the right to discovery is not unlimited, the discovery ordered in this case is within the guidelines of Rule 16.1, Ala. R. Crim. P., and is *688 proper. Additionally, it should be noted that the circuit court in its May 13, 2015, order, gave the State the option of filing specific objections to discovery requests on a document-by-document basis.
In order to obtain mandamus relief, the petitioner must establish (1) a clear legal right to the relief sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) no adequate remedy at law; and (4) the properly invoked jurisdiction of the reviewing court. See State v. Williams, 679 So.2d 275, 276 (Ala. Crim. App. 1996) (citing Ex parte Department of Human Resources, 620 So.2d 619, 620 (Ala. 1993) ). The State has failed to meet this heavy burden. Accordingly, this petition for a writ of mandamus is denied.
PETITION DENIED.
Windom, P.J., and Welch, Kellum, Burke, and Joiner, JJ., concur.

This petition initially named Judge Eugene Reese as a respondent. Judge Reese, however, has retired since this petition was filed, and Judge Hardwick was selected by his peers as presiding judge of the Montgomery Circuit Court. Therefore, Judge Hardwick has been substituted as a respondent.