MAIN, Justice.
The State of Alabama petitions for a writ of mandamus directing the presiding judge of the Montgomery Circuit Court to exercise his power of superintendence over the Montgomery District Court and to order that court to vacate its order granting Kentory Deshawn Brown's discovery request. We grant the petition and issue the writ.
Facts and Procedural History
On March 24, 2015, Brown was charged with third-degree burglary and second-degree theft of property. On March 25, 2015, in the district court, Brown filed a motion requesting the appointment of an attorney, a bond hearing, and a preliminary hearing. On April 13, 2015, Brown moved for the State to turn over all discovery permitted by Rule 16.1, Ala. R. Crim. P.; the district court granted the discovery motion on the same day it was filed. However, the State failed to provide the requested discovery.
After continuing the case on April 17, 2015, the district court held a preliminary hearing on May 1, 2015. At the beginning of the preliminary hearing, Brown again requested the discovery. In refusing to produce the requested discovery, the State argued (1) that the case was under active investigation and that nothing had been turned over to the district attorney's office by the Montgomery Police Department, (2) that the demand for discovery was premature because no indictment had been issued, and (3) that the district court had limited jurisdiction in felony criminal cases and, not being the trial court, could not order discovery. The district court indicated that it would issue an order requiring the State to produce the requested discovery, but the court proceeded with the preliminary hearing. On the same day as the preliminary hearing, the court found probable cause that the offenses had been committed *657 and bound over both cases to the Montgomery County grand jury.
On May 4, 2015, the district court ordered the State to produce the requested discovery within seven days of the date of its order. On May 7, 2015, the State filed a motion to reconsider and a motion to stay the proceedings.
On May 11, 2015, the State filed a petition for a writ of mandamus with the Montgomery Circuit Court, requesting that the circuit court determine that the district court had exceeded its authority in ordering the State to produce discovery and order the district court to rescind its order requiring the State to produce discovery. On May 13, 2015, the circuit court denied the State's petition and ordered that the discovery be turned over "when available." Further, the circuit court stated that "the State may file specific objections to discovery requests that may impede investigations and such objections will be determined on a case by case basis." The circuit court also stayed its order pending appellate review.
On May 19, 2015, the State filed with the Court of Criminal Appeals a petition for a writ of mandamus and a motion to stay the proceedings while the petition was pending. On May 20, 2015, the Court of Criminal Appeals stayed the proceedings below. On September 1, 2017, in an opinion, the Court of Criminal Appeals denied the petition for a writ of mandamus. See State v. Brown, 259 So.3d 683 (Ala. Crim. App. 2017). The State petitioned this Court for a writ of mandamus on September 8, 2017.
Standard of Review
"In Ex parte Melton, 837 So.2d 819, 820-21 (Ala. 2002), this Court discussed the standard of review applicable to a petition for the writ of mandamus:
" ' "A writ of mandamus is an extraordinary remedy, and it will be 'issued only when there is: 1) a clear legal right in the petitioner to the order sought; 2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; 3) the lack of another adequate remedy; and 4) properly invoked jurisdiction of the court.' Ex parte United Serv. Stations, Inc., 628 So.2d 501, 503 (Ala. 1993). A writ of mandamus will issue only in situations where other relief is unavailable or is inadequate, and it cannot be used as a substitute for appeal. Ex parte Drill Parts & Serv. Co., 590 So.2d 252 (Ala. 1991)."
" ' Ex parte Empire Fire & Marine Ins. Co., 720 So.2d 893, 894 (Ala. 1998).' "
Ex parte Ward, 957 So.2d 449, 451 (Ala. 2006).
Discussion
The State argues that the district court, as a court of limited jurisdiction, did not have jurisdiction to issue its order granting Brown's discovery request. The State asks this Court to direct the circuit court to fulfill its duty to superintend the district court and order the district court to vacate its discovery order.[1] In response, Brown argues that the district court had jurisdiction to issue its discovery order. Brown agrees with the Court of Criminal Appeals' holding that, under Rule 2.2, Ala. R. Crim. P., the district court had concurrent jurisdiction with the circuit court to, among other things, grant Brown's discovery request.
Section 12-11-30(2), Ala. Code 1975, provides, in pertinent part, that "[t]he circuit court shall have exclusive original jurisdiction of all felony prosecutions and of misdemeanor or ordinance *658 violations which are lesser included offenses within a felony charge or which arise from the same incident as a felony charge; except, that the district court shall have concurrent jurisdiction with the circuit court to receive pleas of guilty in felony cases not punishable by sentence of death." Section 12-12-32(b), Ala. Code 1975, provides that "[t]he district court may exercise original jurisdiction concurrent with the circuit court to receive pleas of guilty in prosecutions of offenses defined by law as felonies not punishable by sentence of death" and that "[t]he district court shall have jurisdiction to hold preliminary hearings in prosecutions for felonies as provided for in Title 15 of this code." Section 15-11-2, Ala. Code 1975, provides, in pertinent part, that "[t]he district court shall exercise exclusive jurisdiction to hold preliminary hearings in prosecutions for felonies." Similarly, Rule 2.2(a), Ala. R. Crim. P., provides:
"All felony charges and misdemeanor or ordinance violations which are lesser included offenses within a felony charge or which arise from the same incident as a felony charge shall be prosecuted in circuit court, except that the district court shall have concurrent jurisdiction to receive guilty pleas and to impose sentences in felony cases not punishable by sentence of death, including related and lesser included misdemeanor charges, and may hold preliminary hearings with respect to felony charges."
Therefore, in noncapital felony cases, a district court has authority only to hold preliminary hearings and to receive guilty pleas and impose sentences resulting from those guilty pleas.
In its opinion denying the State's petition, the Court of Criminal Appeals, after recognizing the plain-meaning rule of statutory construction, stated:
"In Alabama, district courts and circuit courts exercise concurrent jurisdiction to receive guilty pleas in prosecutions of offenses defined by law as felonies not punishable by a sentence of death. Further, district courts and circuit courts have jurisdiction to hold preliminary hearings in prosecutions of felonies not punishable by a sentence of death. See § 12-12-32(b), Ala. Code 1975, and Rule 2.2(a), Ala. R. Crim. P. Nothing in the plain language of § 12-12-32(b) or Rule 2.2(a), Ala. R. Crim. P., bars discovery by Brown. There is a section in Rule 16.1 that bars discovery of certain types of matters, i.e., internal State documents made by the prosecutor or by law-enforcement agents in connection with the investigation or prosecution of the case or statements made by State witnesses or prospective State witnesses. See Rule 16.1(e), Ala. R. Crim. P. Here, the circuit court's order granting discovery does not allow the discovery of such material.
"Although the State attempts to argue that district courts are limited solely to receiving pleas of guilty in felony cases and to holding preliminary hearings in prosecutions for felonies not involving a sentence of death, to so strictly limit the scope of the district court's jurisdiction in conducting such matters flies in the face of the district court's authority to function as a court whose jurisdiction is concurrent with the circuit court. Both courts, for example, may appoint counsel and may determine indigency of the defendant. See Rules 6.1 and 6.3, Ala. R. Crim. P.
"It is well established that ' "[d]iscovery matters are within the sound discretion of the trial judge.... The court's judgment on these matters will not be reversed absent a clear abuse of discretion and proof of prejudice resulting from the abuse." ' Smith v. State, 112 So.3d 1108, 1136 (Ala. Crim. App. 2012) (quoting Belisle v. State, 11 So.3d 256, 277 (Ala. Crim. App. 2007) ). Although there is no authority for discovery in the *659 preliminary hearing stage, Rowland v. State, 460 So.2d 282, 284 (Ala. Crim. App. 1984), there is also no prohibition. The material that the district court and the circuit court ordered produced is permitted by Rule 16.1. It is well established that ' "[a] writ of mandamus will issue to compel the exercise of a trial court's discretion, but it will not issue to control or to review a court's exercise of its discretion unless an abuse of discretion is shown." ' Ex parte Alfa Mut. Ins. Co., 212 So.3d 915, 918 (Ala. 2016) (quoting Ex parte Yarbrough, 788 So.2d 128, 132 (Ala. 2000) ).
"Based on the above considerations, there was no abuse of discretion by the district court in its May 4, 2015, discovery order or by the circuit court in its May 13, 2015, discovery order. Although the right to discovery is not unlimited, the discovery ordered in this case is within the guidelines of Rule 16.1, Ala. R. Crim. P., and is proper. Additionally, it should be noted that the circuit court in its May 13, 2015, order, gave the State the option of filing specific objections to discovery requests on a document-by-document basis."
Brown, 259 So.3d at 687-88.
It appears that the Court of Criminal Appeals reasoned that the applicable statutes and rules implicitly vest a district court with the authority to perform functions in noncapital felony cases that are related to the district court's explicitly granted authority to hold preliminary hearings and to receive guilty pleas. Concerning the district court's authority to hold preliminary hearings, Brown and the Court of Criminal Appeals seem to gloss over the fact that the district court's May 4, 2015, discovery order was issued after the preliminary hearing was completed, probable cause was found, and the cases were bound over to the grand jury. Any issue concerning the first discovery order issued before the preliminary hearing or any issue concerning the district court's implicit authority to order discovery as a function of the district court's explicit authority to hold a preliminary hearing became moot when the cases were bound over to the grand jury. Further, "[w]ithin fourteen (14) days after waiver or conclusion of the preliminary hearing, all original papers and records shall be transmitted to the circuit court," and "[t]he grand jury proceedings may be challenged only by written motion to dismiss the indictment, filed in the circuit court and alleging grounds therefor." Rules 5.4(e) and 12.9(a), Ala. R. Crim. P. Also, the Court of Criminal Appeals has stated: "While it is an independent body in its deliberations, still the grand jury is a constituent part of the circuit court." Mayberry v. State, 48 Ala. App. 276, 283, 264 So.2d 198, 204 (Ala. Crim. App. 1971). Thus, the district court does not retain authority over a case once the case has been bound over to the grand jury. In the present case, the preliminary hearing was completed before the district court issued the discovery order on May 4; thus, that order could not have been issued pursuant to the district court's authority to hold preliminary hearings.
Concerning whether the district court had implicit authority to enter the May 4 discovery order pursuant to its explicit authority to receive guilty pleas, we note that an indictment is required to initiate a felony prosecution and that a defendant can waive the indictment and plead guilty by way of an information only under the terms of § 15-15-20.1, Ala. Code 1975, which implemented Article I, § 8, Ala. Const. 1901, as amended by Amendments No. 37 and No. 598.[2] See *660 Kennedy v. State, 39 Ala. App. 676, 690, 107 So.2d 913, 926 (1958) (stating that "the [defendant] cannot waive the absence of an indictment: waiver thereof is only possible under the terms of Amendment 37, supra, when a prisoner desires to plead guilty while awaiting action of a prospective grand jury on a noncapital felony charge"). The present case was bound over to the grand jury, and no indictment or information had been issued when the district court issued its May 4 discovery order. Thus, at that point in time, Brown could not plead guilty and the district court could not receive a guilty plea. Because the district court could not at that time receive a guilty plea, the court did not have implicit authority to enter the discovery order related to its explicit authority to receive guilty pleas.
In the present case, when the district court issued its May 4 discovery order, the district court had already completed its function of holding a preliminary hearing and could not yet exercise its function of receiving a guilty plea. Therefore, the district court did not have any basis of authority on which to issue its May 4 discovery order.
Conclusion
Based on the foregoing, we hold that the State has demonstrated a clear legal right to a writ of mandamus directing the presiding judge of the Montgomery Circuit Court to vacate his order denying the State's petition for a writ of mandamus that was filed in that court and to direct the Montgomery District Court to vacate its order granting Brown's discovery request.
PETITION GRANTED; WRIT ISSUED.
Bolin, Parker, Wise, and Sellers, JJ., concur.
Stuart, C.J., and Shaw and Bryan, JJ., concur in the result.
STUART, Chief Justice (concurring in the result).
I concur with the majority's conclusion that the State has demonstrated a clear legal right to a writ of mandamus directing the Montgomery Circuit Court to vacate its order denying the State's petition for a writ of mandamus and to issue a writ *661 directing the Montgomery District Court to vacate its order granting Kentory Deshawn Brown's discovery request. I believe that because a district court's jurisdiction is limited in felony cases and the proceedings within the district court's limited jurisdiction do not involve discovery, a district court does not have authority to issue discovery orders in felony cases.
Circuit courts have jurisdiction over felony cases, both capital and noncapital. § 12-12-32(a)(1), Ala. Code 1975. District courts have limited jurisdiction with regard to felony cases. Specifically, § 12-12-32(b), Ala Code 1975, provides that the district court has "original jurisdiction concurrent with the circuit court to receive pleas of guilty" in noncapital felony cases and exclusive jurisdiction to hold preliminary hearings in felony prosecutions. Thus, the district court's authority is restricted to matters that fall within the those two proceedings in felony cases.
The district court's jurisdiction in noncapital felony cases is specifically limited to accepting pleas of guilty, as provided in § 12-12-32(b)(1). Discovery is not a component of a guilty-plea proceeding. Therefore, because the district court does not have authority to entertain any matter presented by a defendant in a noncapital felony case other than a matter involved in the entry of a plea of guilty when exercising its jurisdiction pursuant to § 12-12-32(b)(1), the district court exceeds its authority when it addresses discovery matters.
A district court also has exclusive jurisdiction to conduct a preliminary hearing in felony cases to determine probable cause. § 12-12-32(b)(2), Ala. Code 1975. The Court of Criminal Appeals in Daniels v. State, 335 So.2d 412, 414 (Ala. Crim. App. 1976), explained a defendant's right to, and the purpose of, a preliminary hearing:
"The right of a defendant to a preliminary hearing in a felony case is with reference only to his status at the time. He is then in custody or under bond. He has the right to a reasonably prompt hearing. The purpose thereof is to afford him an opportunity to test the validity of his confinement, or of his subjection to bond, by a judicial determination of the question of probable cause, which, if favorable to him would entitle him to discharge from the particular proceeding, not absolution, however, from the alleged crime. It so happens that at such a preliminary hearing a defendant obtains some information, and sometimes tremendously valuable information, as to evidence that is likely to be presented against him on the trial of his case. This, however, is merely a legitimate by-product of the process that is not embraced within the policy providing for it. A preliminary hearing is not a prerequisite to a valid indictment. The committing magistrate, or other judicial officer conducting a preliminary hearing, and the grand jury act independently of each other. Even if the judicial officer conducting the preliminary hearing finds there is no probable cause and discharges defendant, the grand jury may theretofore or thereafter lawfully find probable cause and return an indictment as to the same alleged crime."
Thus, during a preliminary hearing, the district court determines whether probable cause that the defendant has committed an offense exists and, consequently, whether the defendant's confinement or release, subject to the conditions of bail, is proper.
The district court's jurisdiction to conduct preliminary hearings in felony cases does not authorize the district court to address discovery matters. A preliminary hearing addresses probable cause to confine the defendant and to proceed with a prosecution. A defendant conducts discovery to obtain evidence that is likely to be presented against him or her at trial. It is *662 premature to order the State at the preliminary-hearing stage to provide evidence in the State's possession because the need for discovery of evidence that may be used against a defendant at trial does not begin until a determination to prosecute the case is made, i.e., until an indictment issues. The need for discovery is a consequence, not a component, of a preliminary hearing. It is true that a defendant may learn of evidence during a preliminary hearing that may be presented at a trial against him or her; that, however, is a boon from the preliminary hearing, not a product of the district court's authority.
Simply, the jurisdiction granted district courts in felony cases is limited. The jurisdiction granted a district court in felony cases to accept pleas of guilty in noncapital felony cases and to conduct preliminary hearings in all felony cases to determine probable cause extends only over those proceedings, and those proceedings do not involve discovery determinations; therefore, the district court here exceeded the scope of its authority when it entered a discovery order in this case, and the Montgomery Circuit Court erred in refusing to direct the district court to vacate its order.

"The circuit court shall exercise a general superintendence over all district courts, municipal courts, and probate courts." § 12-11-30(4), Ala. Code 1975.

Article I, § 8, Ala. Const. 1901, provides:
"No person shall for any indictable offense be proceeded against criminally by information, except in cases arising in the militia and volunteer forces when in actual service, or when assembled under arms as a military organization, or, by leave of the court, for misfeasance, misdemeanor, extortion, and oppression in office, otherwise than is provided in the Constitution.... In all felony cases, except those punishable by capital punishment, the Legislature may by law dispense with a grand jury and authorize prosecutions and proceedings in any manner as may be provided by law if the defendant, after having had the advice of counsel of his or her choice or in the event he or she is unable to employ counsel, the advice of counsel which shall be appointed by the court, makes known in open court to a judge of a court having jurisdiction of the offense that he or she desires to plead guilty."
Section 15-15-20.1, Ala. Code 1975, provides, in pertinent part:
"(a) In any criminal proceeding for a noncapital felony offense commenced by complaint, the defendant may give written notice three days after his or her arrest to a judge of the district or circuit court of the county having jurisdiction of the offense charged that the defendant desires to plead guilty as charged or as a youthful offender upon the granting of youthful offender status.
"(b) Upon receipt of the written notice from the defendant stating his or her desire to plead guilty, the court shall direct the district attorney to prefer and file an information against the defendant. The information shall be made under oath of the district attorney or a witness, and shall accuse the defendant with the same specificity as required in an indictment of the offense or offenses for which the defendant is charged...."